Dennis C. **FULSOM**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. KCD 29738.

Missouri Court of Appeals, Kansas City District.

Oct. 30, 1978.

Robert N. Adams, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, and PRITCHARD, J., and WELBORN, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from denial, without evidentiary hearing, of motion under Rule 27.26 to vacate and set aside judgment and sentence to life imprisonment entered upon verdict of guilty on charge of murder, first degree.[1] The dispositive question is whether the court should have granted movant's request for change of judge. Reversed and remanded.

Dennis C. Fulsom filed his motion, pro se, July 13, 1977, in form provided by Appendix to Rule 27.26. He alleged ten grounds for relief and supporting facts under paragraphs 8 and 9. Immediately preceding the allegations of grounds for relief in paragraph 8 is an "Attachment * * *" in which, among other things, he requested evidentiary hearing, appointment of counsel, findings of fact and conclusions of law, and "the disqualification of the Honorable James A. Moore for reasons hereinafter described in his attached affidavit to disqualify judge * * *." He concluded his motion with a list of ten witnesses which included Judge Moore; a "Motion To Recuse the Honorable James A. Moore * * *", with affidavit in support in which he asserted "Movant cannot have a fair and impartial hearing by reason of the interest and prejudice of the Honorable James A. Moore," and "Movant desires to call the Honorable Judge Moore as a witness * *," and a motion to appoint counsel other than the Office of Public Defender on account of his allegations of ineffective assistance of counsel and excessive case loads on the part of the Office of Public Defender.

The court, by Memorandum Opinion and Judgment of August 22, 1977, recited in denial of movant's request for change of judge, "[t]here is no indication, much less proof, of any attempt to comply with Rule 51.05 and particularly Rule 51.05(c)," and "Movant's intention to call the judge as a witness is ill-conceived," after which the court, without appointment of counsel for movant, overruled the motion on the ground, "[t]he motion and the files and records of the case, including the transcript, conclusively show that the prisoner is entitled to no relief. No issues of fact or questions of law are presented requiring appointment of counsel or an evidentiary hearing. Rule 27.26(e) and (h)."

Appellant contends, justly so, that in these circumstances, the court was required to sustain movant's application for change of judge, and was disqualified from proceeding further.

As recognized by the court's memorandum, "This is an independent civil action, Rule 27.26(a); and Rule 51.05 governs disqualification of the judge of 'the Court which imposed such sentence.' *State ex rel. Reece v. Campbell*, 551 S.W.2d 292, 297[6] (Mo.App.1977)."

Rule 51.05(a) provides that a change of judge shall be ordered in a civil action upon the filing of a written application therefor and the application need not allege or prove any cause for such change of judge.[2]

There is no question of timeliness as limited in Rule 51.05(b).

Rule 51.05(c) provides that a copy of the application and notice of the time of presentment to the court shall be served on all parties. Service on the State as the opposing party was accomplished in this case under the requirements of Rule 27.-26(e), which provides that as soon as a motion under the rule is received by the circuit clerk, he shall notify the prosecuting attorney and transmit a copy to him. There is no question of the clerk's compliance, and the application to disqualify was contained in the motion.

Rule 51.05(e) requires the judge from whom a change is sought to sustain such

---

1. The judgment was affirmed *State v. Fulsom*, 534 S.W.2d 72 (Mo.App.1976).

2. The Committee Note to Rule 51.05 suggests "Plaintiff requests a change of judge" as a sufficient application.

timely application and secure another judge to try the cause as provided in Rule 51.-05(e)(2).

Accordingly, the judgment is reversed and the cause is remanded.

All concur.