**Mitchell MOORE, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 30674–30695.**

Missouri Court of Appeals,
Western District.

Feb. 4, 1980.

Clifford A. Cohen, Public Defender, Gary L. Gardner and Kevin R. Locke, Asst. Public Defenders, Kansas City, for movant-appellant.

John Ashcroft, Atty. Gen., Mary C. P. Pincus, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is an appeal from an order overruling a motion for post-conviction relief pursuant to Rule 27.26. The judgment is reversed and the cause remanded with instructions for appointment of counsel and the conducting of an evidentiary hearing.

Movant entered a plea of guilty to the charge of manslaughter May 24, 1978. This charge was reduced from a charge of murder in the second degree. Movant was sentenced to a term of five years in the Department of Corrections in conformity with an agreement between the prosecutor and movant in exchange for movant's entry of a plea of guilty.

The record shows this movant not only entered his plea of guilty and received the agreed-to sentence, but was granted a two-week deferment in actually commencing the service of his sentence. In addition,

movant was given seven weeks jail time to be credited toward his sentence.

At hearing, movant was specifically asked if he was under the influence of narcotic drugs or alcohol. He said he was not, but added that he was a regular user of insulin to control his diabetic condition.

On September 15, 1978, movant filed his motion for post-conviction relief pursuant to Rule 27.26. In his motion, he alleged that his counsel was ineffective because (1) his counsel knew he (movant) was a heavy drug user; (2) he was under the influence of heroin the morning of his guilty plea; (3) his counsel knew he was high on drugs; (4) his counsel did not conduct an investigation of the state's case against him; and (5) he did not inform the trial court that he was under the influence of drugs the day of his plea under advice of counsel and from fear he would be charged with a drug violation.

The motion also contained a call for the disqualification of the sentencing judge. The sentencing judge, as the record shows, is the same judge who overruled the motion and from whose order this appeal is taken. Movant alleges error in the failure of the trial court to sustain his motion for disqualification of judge pursuant to Rule 51.05(a). This rule reads:

"A change of judge shall be ordered in any civil action upon the filing of a written application therefor by any party or by his agent or attorney. The application need not allege or prove any cause for such change of judge and need not be verified."

On its face, the rule speaks for itself and as interpreted in an almost identical case, *Fulsom v. State,* 573 S.W.2d 116 (Mo.App.1978), this cause must be reversed and remanded. When the learned trial judge failed to sustain the motion to disqualify, he lost jurisdiction to rule upon the motion to vacate the sentence. Rule 51.05 is applicable herein because proceedings under Rule 27.26 have been held to be civil proceedings, see *Hontz v. State,* 574 S.W.2d 522 (Mo.App.1978), citing *State ex rel. Reece v. Campbell,* 551 S.W.2d 292 (Mo.App. 1977), wherein the court held, at 523:

"Proceedings under Rule 27.26 are civil in nature, and the rule governing a change of judge is Rule 51.05 which in its terms is applicable to the court which imposed the sentence."

Without comment as to the merits of movant's allegation, this court, pursuant to Rule 51.05, as interpreted under *Fulsom v. State, supra,* must reverse and remand this cause with instructions for the appointment of counsel and the conducting of an evidentiary hearing before a trial judge other than the sentencing judge, upon movant's motion.

All concur.