Steven L. TONEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 54439.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 11, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 9, 1989.

Application to Transfer Denied
June 13, 1989.

Holly G. Simons, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

On April 8, 1983 a jury found movant, Steven L. Toney, guilty of forcible rape and forcible sodomy. On May 13, 1983 the late Judge James Ruddy, having found movant to be a persistent and dangerous offender, sentenced him to two consecutive life sentences. This judgment was affirmed by this court, *State v. Toney*, 680 S.W.2d 268 (Mo.App.1984).

On August 23, 1985 movant filed a *pro se* motion to vacate pursuant to Rule 27.26. This motion, together with amendments filed over several months, asserted five grounds for relief: 1) He received ineffective assistance of counsel due to his trial attorney's failure to develop a defense of mistaken of identity, 2) his trial attorney provided ineffective assistance by failing to object to evidence obtained by the State as a result of an illegal arrest, 3) he was convicted of Class A felonies after only being charged with Class B felonies, 4) his trial attorney provided ineffective assistance by failing to properly cross-examine the State's expert witness, and 5) his trial attorney was ineffective by failing to know about or advance legal defenses concerning the victim's involvement with other men on the night in question.

After a pre-hearing conference, the motion court sustained the State's motion to dismiss without an evidentiary hearing. On appeal, we reversed and remanded because of insufficient findings of fact and

conclusions of law. *Toney v. State,* 730 S.W.2d 295 (Mo.App.1987). Thereafter, movant sought leave to file a further amendment to his motion. This document reiterates early charges of ineffective assistance of counsel and adds a *Batson* challenge to the prosecutor's use of peremptory jury strikes. Movant also filed a Rule 51.05 motion for change of judge. The motion court denied this motion, denied leave to file an amended motion and sustained the State's motion to dismiss without evidentiary hearing. Detailed findings and conclusions were made. Movant appeals setting forth eight points of alleged error. We affirm.

### I

 In his first point on appeal movant asserts he was erroneously denied an evidentiary hearing on his claim of ineffective assistance of counsel in failing to "adequately and sufficiently" develop a defense of mistaken identity. His argument in support of this point does not contend trial counsel failed to challenge the accuracy of the identification testimony. Rather, he suggests a number of questions in addition to those which his trial counsel asked on cross-examination which could have been addressed to the State's witnesses. Obviously, if a trial lawyer's efforts to discredit identification testimony are unsuccessful such efforts are, in the mind of his client, "inadequate and insufficient." Nevertheless, such second-guessing is not the standard by which effective assistance of counsel is to be measured. *See Sanders v. State,* 738 S.W.2d 856, 858 (Mo.banc 1987). As we noted in movant's direct appeal, his trial counsel did point out discrepancies between the original descriptions given by the victim and movant's physical characteristics and did develop possible suggestiveness concerning the photographic identification and the lineup. *State v. Toney,* 680 S.W.2d at 276. Close scrutiny of any trial transcript will inevitably give rise to thoughts of additional questions which might have been asked or even further avenues of inquiry which might have been pursued. However, such hindsight, even when viewed in the light of an adverse result, falls short of demonstrating a failure of counsel to exercise the customary skill and diligence of a reasonably competent attorney, the test of ineffective assistance. *Sanders,* 738 S.W.2d at 858. The Sixth Amendment guarantee of effective assistance of counsel does not demand a perfect performance, impervious to second-guessing. In this case trial counsel by cross-examination and by argument asserted a strenuous attack upon the identification testimony of the victim and of the witness who placed movant near the scene of the crime. Measured by the benchmark established in *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984) we do not find trial counsel's performance "so undermined the proper functioning of the adversary process that the trial court cannot be relied on having produced a just result." Point denied.

### II

 Movant's second point on appeal charges his trial counsel with ineffective assistance in failing "to insure that a probable cause hearing was held, there being evidence that appellant was arrested without probable cause and evidence [the lineup identification] obtained by the State as a result of this illegal arrest." This identical point was raised by movant on direct appeal and ruled against him. *State v. Toney,* 680 S.W.2d at 277. It may not be relitigated in a Rule 27.26 proceeding. *Smith v. State,* 684 S.W.2d 520, 523 (Mo. App.1984).

### III

 In his third point movant alleges he "was charged and found guilty of rape and sodomy as Class B felonies but sentenced for Class A felonies ..." As originally enacted as a part of the Criminal Code rape, § 566.030 RSMo.1978, and sodomy, § 566.060 RSMo.1978, were defined as Class B felonies unless aggravated by the infliction of serious physical injury or the use of a deadly weapon or dangerous instrument. In 1980 these statutes were amended. Mo.L.1980, p. 497–98. The of-

fenses of which movant was convicted occurred on September 30, 1982. As amended, forcible rape and forcible sodomy became unclassified offenses, carrying their own ranges of imprisonment outside and independent of the punishment established for various classes of crimes in the criminal code.

Section 566.030 RSMo.Supp.1980 provides for the offense of forcible rape to be punishable by imprisonment for a term of five years to life unless an aggravating circumstance causes the crime to be a Class A felony in which event it is punishable for a term of 10 to 30 years or life. § 558.011.1(1) RSMo.1978. Identical punishment provisions for the offense of forcible sodomy are contained in § 566.060 RSMo.Supp 1980. The difference between the punishment prescribed for these crimes with and without the aggravating circumstances relates only to a sentence for a term of years; both are subject to a sentence of life imprisonment with or without any aggravating circumstance. In this case the trial court's finding movant was a dangerous and persistent offender precluded submission of punishment to the jury. Once the jury found movant guilty of forcible rape and forcible sodomy a sentence of life imprisonment on each charge was in the statutory range of punishment, regardless of any charge, any evidence, or any instruction concerning the infliction of serious physical injury or the use of a deadly weapon or dangerous instrument.

### IV

 Movant next asserts another charge of ineffective assistance alleging his trial counsel should have obtained an analysis of the spermatozoa found on the victim showing the blood type of the male from which it originated. The motion court held this was legitimate trial strategy rather than ineffective assistance. We agree.

On cross-examination of the State's expert witness, movant's trial counsel elicited testimony which showed the blood type of 80 percent of males could be determined by analysis of seminal stains but that the State had failed to conduct such test on the

seminal stains which were found. Rather than taking the potentially devastating risk of having such an analysis show a positive or inconclusive result as to her client, trial counsel forcefully argued that the failure of the State to show similarity between the blood types of the assailant and of movant constituted a failure to sustain the State's burden of proof.

In holding that the failure of an attorney to obtain tests of pubic hairs found on a rape victim did not constitute ineffective assistance of counsel, this court stated "[o]rdinarily ...defense tactics are a matter of trial strategy and will not support a claim of ineffective assistance of counsel." *Tabor v. State*, 738 S.W.2d 506, 507 (Mo. App.1987). Counsel's decision to attack the State's failure to conduct tests was reasonably within professional norms under the circumstances. Eliminating the distorting effect of hindsight, movant's allegations fail to overcome the strong presumption that counsel's tactic was sound trial strategy. *Sanders*, 738 S.W.2d at 858.

### V

 In his fifth point movant charges ineffective assistance by reason of the failure of his trial counsel to cross-examine the State's expert witness in order to determine the general acceptance within the scientific community of the test performed on the vaginal smear taken from the victim. He argues that his counsel should have objected to this expert testimony in the absence of evidence establishing the acceptance of the testing procedure. Whether the claim be ineffective assistance for failure to cross-examine or for failure to object, it is without merit.

A forensic scientist testified that analysis of the vaginal smear established that the victim had sexual intercourse within 24 hours preceding the time the smear was taken. The defense did not dispute that fact, but contended throughout the trial that the victim erroneously accused the defendant of being the source of the spermatozoa found in the vaginal smear. Thus, whether trial counsel by cross-examination discredited the testing procedure or by ob-

jection excluded the evidence all together, it could not have affected the jury's determination of the contested issue of identification.

In ruling upon this point we need not look beyond the prejudice prong on the twofold burden imposed upon a defendant who seeks post-conviction relief upon the ground of ineffective assistance. *Sanders,* 738 S.W.2d at 857. Unless there is a reasonable probability that absent counsel's alleged deficiency the result would have been different, a Rule 27.26 movant has failed to sustain his burden of proving prejudice. *Richardson v. State,* 719 S.W.2d 912, 915–16 (Mo.App.1986). Point denied.

### VI

In his sixth point movant alleges his trial counsel was ineffective in failing to object to the prosecutor's use of peremptory strikes against blacks during jury selection. Movant's conviction became final when affirmed by this court and transfer to the Supreme Court was denied on December 18, 1984. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) first precluded racially discriminatory peremptory strikes 16 months later. *Batson* has no retroactive application to cases no longer pending on April 30, 1986, the date of the *Batson* decision. *Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). Counsel is not ineffective by failing to anticipate a change in the law. *Scott v. State,* 741 S.W.2d 692, 693 (Mo.App.1987).

### VII

Movant seeks reversal charging the motion court erred in denying him leave to file an amended motion after we remanded for specific findings. We have before us in the legal file the proposed amended motion. The motion court ruled the amended motion "is merely a different perspective of the same issues." We agree with this observation except for the addition in the proposed amendment of the *Batson* issue which, as we have already noted, is totally without merit. All of the issues set forth in the proposed amended motion, not abandoned on appeal, have been addressed. Movant suffered no prejudice by reason of the denial of leave to file an amended motion.

### VIII

Finally, movant charges the motion court with reversible error in denying his motion for a change of judge.

Rule 51.05(b) provides for a change of judge to be granted if the application for such change is made within 30 days of the date the trial judge is designated. Here, movant's application was filed on August 6, 1987, 712 days after his Rule 27.26 motion was assigned to the Honorable James Hartenbach. Movant argues this fact is irrelevant; that the remanding of the case marked the beginning of a new period. If so, the application for change of judge filed on August 6, 1987 was 50 days after the date of our mandate remanding the case to Judge Hartenbach for specific findings. Therefore, the application for change of judge was untimely filed.

Movant's reliance on *State ex rel. Logan v. Peters,* 723 S.W.2d 35 (Mo.App.1986) is misplaced. In *Logan,* the application for change of judge was filed two days after remand. More importantly, *Logan* was decided under the prior Rule 51.05 which fixed the time for filing an application for change of judge by counting back 30 days from the date set for trial. The present rule, effective January 1, 1987 and applicable to this case, counts forward 30 days after the date the judge becomes known. It is not necessary for us to decide whether our remand for the purpose of making specific findings starts the running of a new time period in which to apply for a change of judge. Movant's application in this case was untimely and the court did nor err in denying it.

Judgment affirmed.

PUDLOWSKI, C.J., and SATZ, J. concur.