Scott DeBOLD, Appellant,

v.

STATE of Missouri, Respondent.

No. 55188.

Missouri Court of Appeals,
Eastern District,
Division One.

June 30, 1989.

Melvin G. Franke, Villa Ridge, Melinda Kay Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, John P. Pollard, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

Movant was convicted of robbery first degree, assault first degree, and armed criminal action and sentenced to respective prison sentences of thirty years, ten years and fifteen years, each to run consecutively. Movant's convictions and sentences were affirmed on appeal. *State v. DeBold*, 735 S.W.2d 23 (Mo.App.1987).

Movant asserts error in the denial of his timely motion to disqualify the assigned judge. Movant was entitled to one change of judge as a matter of right if his application was timely filed. Rule 51.05(a); *Moore v. State*, 594 S.W.2d 355, 356[1, 2] (Mo.App.1980). Movant filed his *pro se* Rule 29.15 motion on January 19, 1988. His motion was assigned to Division 7 that same day. Movant was appointed counsel on January 28, 1988, and Judge Corrigan was designated as judge. On March 28, 1988, counsel filed movant's amended Rule 29.15 motion along with a motion to disqualify Judge Corrigan. On April 28, 1988, the motion court overruled movant's request to disqualify judge and granted movant's request for an evidentiary hearing.

 Movant asserts he filed his application for change of judge within thirty days after the answer was due, and under Rule 51.05(b) a change of judge was mandated.

In a Rule 29.15 proceeding, the State is not required to file an "answer." Accordingly, an application for change of judge must be filed within thirty days after the designation of the trial judge. *Toney v. State*, 770 S.W.2d 411 (Mo.App.1989). Movant's application was not timely filed.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.