**Leonard L. THOMAS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 73004.**

Supreme Court of Missouri, En Banc.

May 3, 1991.

Rehearing Denied June 11, 1991.

David S. Durbin, Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

ROBERTSON, Judge.

There are two issues before the Court in this case: First, whether the ninety days permitted by Rule 24.035 for filing a post-conviction motion begin to run upon sentencing or upon physical delivery of the movant to the custody of the Department of Corrections; second, whether Rule 51.-05, which permits a change of judge without cause in a civil action, applies to Rule 24.035 motions. The Court of Appeals, Western District, held that the ninety days permitted by Rule 24.035 begin to run on the date of sentencing. Because appellant, Leonard L. Thomas', motion was not timely, the Court of Appeals dismissed the appeal. That court did not consider the Rule 51.05 question. We granted transfer because of the general interest and importance of the issues raised in this case. We have jurisdiction. Mo. Const. art. V, sec. 10. The judgment of the trial court is affirmed.

I.

On October 22, 1987, Thomas pleaded guilty to sexual assault in the first degree in violation of Section 566.040, RSMo 1986. The trial court sentenced him to four years in the Department of Corrections, but suspended execution of the sentence and placed Thomas on probation. On November 10, 1988, the trial court revoked Thomas' probation following a hearing and on November 14, 1988, Thomas' four-year sentence was formally executed by an order of his commitment to the Missouri Depart-

ment of Corrections and Human Resources, Division of Adult Institutions.

On January 26, 1989, and within ninety days of his commitment, Thomas filed a pro se Rule 24.035 motion challenging his conviction and sentence. The trial court appointed counsel to represent Thomas on February 28, 1989, and on March 28, 1989, appointed counsel sought an extension of time until May 1, 1989, in which to file an amended motion. On April 28, 1989, appointed counsel filed a motion for a change of judge pursuant to Rule 51.05, a request for a hearing date and an amended motion. The trial court denied the motion for change of judge on May 3, 1989, on the ground that the motion was not timely filed under the terms of Rule 51.05. On May 9, 1989, Thomas' counsel filed a second amended Rule 24.035 motion. The trial court conducted a hearing on the Rule 24.-035 motions on June 22, 1989. At that hearing, Thomas withdrew all claims relating to the ineffectiveness of his plea counsel and continued to assert only that his sentence should be reduced by the time he had previously spent on probation. On June 27, 1989, the trial court found that Thomas had voluntarily withdrawn his Rule 24.035 motion and dismissed the proceedings under Rule 24.035 with prejudice. Finally, on July 18, 1989, the trial court entered its amended order dismissing all of the claims of ineffective assistance of counsel advanced by Thomas pro se and by the motions as amended. That order also denied the other claims for credit for time spent on probation. Thomas appealed.

The court of appeals found that the Rule 24.035 application was not timely because not filed within ninety days of Thomas' sentencing and dismissed the appeal without deciding whether the defendant was entitled to a change of judge.

## II.

■ At the time of Thomas' guilty plea, Rule 27.26 (repealed) established procedures for post-conviction review in Missouri. That rule placed no time limit on the filing of motions seeking post-conviction relief. Effective January 1, 1988, Rule 24.-035 superseded Rule 27.26 for purposes of post-conviction motions challenging a conviction and sentence following a guilty plea. Rule 24.035 requires a person seeking post-conviction relief following a guilty plea to file his motion "within ninety days after the movant is delivered to the custody of the Department of Corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035." The time limits established in Rule 24.035 are mandatory; failure to file a timely motion procedurally bars a movant from seeking relief under the rule. *Day v. State*, 770 S.W.2d 692 (Mo.banc 1989).

The court of appeals held and the State argues here that a person under probation is within the constructive custody of the Department of Corrections. This is because (a) the Board of Probation and Parole is a division of the Department of Corrections and (b) a person under probation is subject to court imposed conditions and the supervision of that board.

Although a concept of constructive custody can be found in the case law in other contexts, the language of Rule 24.035 is plain and not couched in terms of constructive custody. We, therefore, hold that the time limitations imposed in Rule 24.035 begin to run when a person under sentence is delivered, physically, into the custody of the Department of Corrections.

The state persists, however, pointing to Rule 24.035(*l*) which provides that persons sentenced under the regime of Rule 27.26 must file a motion for post-conviction relief under Rule 24.035 on or before June 30, 1988, or waive the right to proceed under the rule at all. The state argues that the date of sentencing, rather than the date of delivery to the Department of Corrections, sets the time limits for persons sentenced prior to the effective date of Rule 24.035.

We disagree. As we have previously said, the plain language of the rule begins the running of the time under Rule 24.035 upon physical delivery of the movant to the Department of Corrections. The transitional times provided by Rule 24.035(e) are

designed to permit persons convicted of crimes and granted the opportunity for post-conviction review under Rule 27.26 an extended time in which to comply with the provisions of the new Rule 24.035. They are not intended to terminate the opportunity for post-conviction review in a manner contrary to the plain language of the rule. Because Thomas' time under Rule 24.035 did not begin to run until his physical delivery to the Department of Corrections on November 14, 1988, his pro se Rule 24.035 motion filed January 26, 1989, fell within the ninety-day time limit established by the rule. We so hold.

### III.

■ Rule 24.035(a) provides: "The procedure before the trial court is governed by the Rules of Civil Procedure insofar as applicable." Rule 51.05 permits a party in a civil action to seek one change of judge without cause. Thomas claims that Rule 51.05 is applicable to Rule 24.035 motions and that he is, therefore, entitled to a change of judge under the terms of the former rule. For the reasons that follow we disagree.

To determine whether Rule 51.05 applies in the context of post-conviction review, the essential inquiry is whether Rule 51.05 enhances, conflicts with, or is of neutral consequence to the purposes of Rule 24.035. If Rule 51.05 enhances the purposes of Rule 24.035 or bears a neutral consequence, Rule 51.05 is applicable. If, however, Rule 51.05 hinders the purposes of Rule 24.035, it should not apply.

We are fully aware as we consider this issue that Rule 27.26(a) (repealed) contained the identical "insofar as applicable" language as that found in Rule 24.035. Further, appellate courts of this state determined that Rule 51.05 applied to Rule 27.26 proceedings. See, e.g., *Fulsom v. State*, 573 S.W.2d 116 (Mo.App.1978).

Rule 27.26 (repealed) and Rules 24.035 and 29.15 have a common purpose: to adjudicate claims concerning the validity of the trial court's jurisdiction and the legality of the conviction or sentence of the defendant. Rules 24.035 and 29.15 have an additional

purpose: to avoid "delay in the processing of prisoners' claims and prevent the litigation of stale claims." *Day*, 770 S.W.2d at 695. To further that purpose, the new rules contain strictly enforced time constraints which, if not followed, procedurally bar consideration of a movant's claims. *Id.*

These new time limitations necessarily alter considerations relating to the assignment of judges in post-conviction matters. The long delays in filing post-conviction motions permitted under Rule 27.26 often made the availability of the sentencing judge problematic. Moreover, with the passage of substantial lengths of time between the trial and the post-conviction motion permitted under Rule 27.26, the sentencing judge's familiarity with the case necessarily diminished significantly. Rules 24.035 and 29.15, with their requirements for speedy filing, make the sentencing judge readily available in most cases while his or her recollections of the proceedings remain fresh. There is little, if any, administrative justification for the assignment of a different judge to the post-conviction motion.

Administrative matters aside, at least two more compelling reasons exist to bar the application of Rule 51.05 to post-conviction proceedings. First, the majority of post-conviction claims focus on the effectiveness of the now-convicted defendant's trial counsel. On review, we defer to the trial judge's ability to assess the credibility of the witnesses at the post-conviction motion hearing and reverse that judge's conclusion only if it is clearly erroneous. Yet Rule 51.05 permits the parties to seek a change of judge without cause, thereby removing the judicial officer best acquainted with the case and its conduct from consideration of claims relating to trial counsel's representation of the convicted defendant. Rule 51.05, if invoked, thus requires a judge to determine issues of defense counsel competence, despite that judge's lack of personal experience with or personal observation of the flow of the criminal trial, the demeanor of the trial witnesses, the strength of the state's case, the relative strength of the defense case as

presented, the character of the convicting jury, or the intuitive assessment of the quality of trial counsel's representation upon which the standard of review is founded. And in Rule 24.035 motions particularly, this different judge is without the ability to assess the capacity of a defendant to plead guilty and the state of trial counsel's preparation, except from the same cold record available to an appellate court. Ironically, Rule 51.05 encourages the sacrifice of the sentencing judge's personal experience and observations, even though neither party had a legally cognizable basis for disqualifying that judge for cause from presiding over the proceedings that resulted in the conviction.

*State v. Wells*, 804 S.W.2d 746 (Mo.banc 1991), makes the point eloquently in a Rule 29.15 context. There, this Court affirms the trial court's decision to grant the death-convicted Luther Wells a new trial on the basis of the ineffectiveness of his trial counsel's representation. In part, that decision rests on the sentencing judge's familiarity with the case. "It is also important," the Court reasons, "that the same judge presided at the trial and at the [Rule] 29.15 hearing, and was thus better equipped to assess the strengths and possible weaknesses of the prosecution's case." (Emphasis added.) (Id. at 749). The trial judge is also better equipped to assess defense counsel's performance within the context of the entire case and to measure the impact of that performance on the outcome of the trial as required under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Second, the addition of a new judge, unfamiliar with the trial record, fosters unnecessary delay. Particularly where the underlying trial involved complicated issues or took a long time to try, the motion court must carefully consider the entire trial from the record to consider the Rule 29.15 motion properly. This is neither an easy, nor swift process; asking a new judge to hear the motion builds in the very delay Rules 24.035 and 29.15 are designed to eliminate.

One could argue that the availability of Rule 51.05 in a post-conviction context permits movant's counsel a strategic choice, providing some unspoken, often intangible benefit to the movant. This may be. But an appellate court's task is more important than providing ephemeral benefits in which attorneys find comfort or even undefined value. Appellate courts are asked to assess the validity of the post-conviction claims of a person convicted of a crime on review. In carrying out that responsibility, appellate courts have the obligation to demand that the record for review be as accurate, complete and competent as it can possibly be. To the extent that Rule 51.05 diminishes the quality of the process by removing the judge "better equipped to assess the strengths and weaknesses of the prosecution's case" and better able to consider the consequences of defense counsel's representation on the outcome of the trial, it is a hindrance to the integrity of the post-conviction rights granted convicted persons under our rules. Indeed, it is a detriment to effective appellate review of post-conviction motions. In these circumstances, strategic choices and nebulous "value" seem of little moment. We hold that Rule 51.05 does not apply in post-conviction proceedings.

A holding that Rule 51.05 does not apply in a Rule 24.035 or 29.15 proceeding does not leave a movant without succor in the event that he or she faces a prejudiced judge. Due process concerns permit any litigant to remove a biased judge. To the extent that a movant finds himself facing a prejudiced trial court, the right to disqualify the judge no longer proceeds from the grace of our rules, but from a command of the Constitution.

■ Having determined that Rule 51.05 does not apply, it follows that the trial court had authority to hear Thomas' Rule 24.035 motion. Resolution of the merits of Thomas' Rule 24.035 motion is not difficult. The trial court found that Thomas voluntarily withdrew his Rule 24.035 motion with prejudice, on June 27, 1989. On July 18, 1989, the trial court entered an amended order dismissing all of Thomas' claims of

ineffective assistance of counsel. Moreover, the trial court properly denied Thomas' remaining assertion that his sentence should be reduced by his time spent on probation; that claim is not cognizable under Rule 24.035.

### IV.

The judgment of the trial court is affirmed.

BLACKMAR, C.J., HIGGINS, COVINGTON, HOLSTEIN, JJ., and MAUS, Special Judge, concur.

RENDLEN, J., dissents in separate opinion filed.

BILLINGS, J., not sitting.

RENDLEN, Judge, dissenting.

For the reasons following, I respectfully dissent. In holding that Rule 51.05 no longer has application to proceedings under Rule 24.035 and in distinguishing Rules 24.035 and 29.15 from our prior procedures under Rule 27.26, the majority shrugs aside the fact that Rule 51.05 has for good reason been carefully and uniformly applied to proceedings under our current Rule 29.15, *DeBold v. State*, 772 S.W.2d 29 (Mo.App. 1989); *Mack v. State*, 775 S.W.2d 288 (Mo. App.1989), as it was under its precursor, Rule 27.26. *E.g.*, *Toney v. State*, 770 S.W.2d 411 (Mo.App.1989); *Fulsom v. State*, 573 S.W.2d 116 (Mo.App.1978). The rules speak for themselves and have been properly construed until today, recognizing that the right to a change of judge is firmly established not only by the rules but by statute. Rule 51.05; § 517.061, RSMo 1986. As the right to change of judge evolved, the procedural requirements have been modified from time to time; in 1973 Rule 51.03 was modified, and again by minor amendment in 1975. The right of litigants to a change of judge each time was enhanced. Formerly, a change of judge could be obtained only for the causes enumerated in Rule 51.03 (effective 1964); however, by the referenced modifications, the party seeking a change of judge need not allege or prove any cause. "The right to a change of judge is placed in the category of the peremptory jury challenge." *Natural Bridge Development Co. v. St. Louis County Water Co.*, 563 S.W.2d 522, 525 (Mo.App.1978). Further, "[i]t is a fundamental principle of our jurisprudence that every litigant should have all of the issues of law and fact involved in his case decided by an impartial and unprejudiced tribunal, body, or officer." Ely, *Right to Change of Venue or Change of Judge Under the Missouri Constitution*, 20 Mo. L.Rev. 13 (1955). "Where the trial judge is biased or prejudiced in a particular case the only guarantee of a fair trial can be found in the substitution of another judge." *Id.* at p. 15. Without compelling rationale, the majority today departs from previously established procedure and denies this substantial right to litigants in a postconviction proceeding.

In effectively abrogating Rule 51.05 in the postconviction context, the majority ignores the central purpose of the rule: the right of a litigant to obtain a change of judge without cause is designed to eliminate any real or suspected traces of bias. The majority complains that a change of judge on a postconviction motion will remove the "judicial officer best acquainted with the case," at p. 366, and cause the case to be reviewed without that judge's "personal experience;" however, that judge may also have the greatest bias, the very evil Rule 51.05 is designed to prevent. This new action brought by a litigant raising new claims (i.e., a 29.15 or 24.035 motion) is a civil action, *see State v. Gilmore*, 617 S.W.2d 581, 583 (Mo.App.1981), in which the procedures under those rules are in many particulars especially tailored and expressly provided. When the rule (29.15 or 24.035) directs a particular act or manner of process, such requirement must be met and takes precedence over any contrary procedural requirement of the civil rules. However, where 29.15 or 24.035 is silent, we are required to follow the Rules of Civil Procedure (Rule 29.15(a) and 24.-035(a)). Many of the Rules of Civil Procedure (Rule 41 through Rule 100) by their very nature have no possible connection nor application to postconviction proceed-

ings; for example, Masters and Receivers, Rule 68; Trial by Jury, Rule 69; Verdicts, Rule 71; and Civil Executions, Rule 76. However, the Committees of our Court, when considering this matter, and this Court when adopting our rules for postconviction proceedings, recognized this fact and specified that the procedure in such cases "is governed by the Rules of Civil Procedure insofar as applicable." Rule 24.-035(a); Rule 29.15(a). This is designed to avoid consideration of matters beyond the scope of 29.15 or 24.035 and inapplicable provisions in the civil rules, or those which by their terms are contrary to or inconsistent with express provisions of Rules 29.15 or 24.035. It is not intended that we selectively declare inapplicable provisions of the rules which (after the fact) we suddenly find personally distasteful in a current case to the prejudice of an aggrieved litigant. Today the majority is not overruling or modifying common law precedent; it is amending codified rules. The amending mode employed here is in my opinion improper, unwarranted and contrary to approved procedure for the adoption of such rules.

Further, the majority's postulation that a change of judge "builds in" "unnecessary delay" is quite illusory. Change of judge orders may be processed rapidly and a punctual hearing held in a manner consistent with the time limitations of Rules 29.15 and 24.035. To suggest that the "purpose" of the rules to promptly process postconviction proceedings requires that we abandon the established and firmly understood meaning of Rule 51.05 and its application to the "civil proceedings" under Rules 29.-15 and 24.035 is simply unjustified. If we are to emasculate the rules in this manner, the good sense and predictability of practice thereunder becomes a will-o'-the-wisp. When we decide to change our rules, it should be done in the customary manner and with published notice to the bar, not in the fashion employed by the majority.

The question remains, however, as to how former Rule 51.05 is to be applied to a postconviction motion. The rule in effect at the time of defendant's motion provided that the application must be filed within thirty days after the answer is due, if the trial judge is designated at that time. Rule 24.035 does not require a formal answer to the pleading, but provides that "[a]ny response to the motion by the prosecutor shall be filed within ten days after the date an amended motion is due to be filed." I would mark the time for filing the change of judge application from the time the response to the 24.035 motion is due, even though the response is not mandatory. To this extent the reasoning of *DeBold*, 772 S.W.2d 29, and *Toney*, 770 S.W.2d 411, holding that the time for filing the application for change of judge should date from the time the trial judge was designated, should not be followed.

I would reverse the judgment and remand the cause with directions to grant the application for change of judge, and thereafter for further proceedings on appellant's motion.