**Michael A. HOOVER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17186.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 19, 1991.

Rosalynn Koch, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

Movant Michael Hoover appeals from a denial, without evidentiary hearing, of his Rule 24.035[1] motion seeking to vacate a judgment and sentence on a plea of guilty to a charge of sexual abuse in the first degree. Movant was sentenced to five years in the Department of Corrections, but execution of the sentence was suspended and he was placed on probation. Later probation was revoked and the sentence was ordered to be executed.

■ Movant's first point is that his original motion, filed pro se, was timely, and the trial court erred in ruling otherwise. "The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections." Rule 24.035(b).

In *Thomas v. State*, 808 S.W.2d 364, 365[1] (Mo. banc 1991), the court held that the 90–day period begins to run "when a person under sentence is delivered, physically, into the custody of the Department of Corrections." In so ruling, the court rejected the state's argument that the date of sentencing, rather than the date of delivery to the Department of Corrections, was the significant date for measuring the 90–day period.

In the case at bar, as in *Thomas*, movant was initially placed on probation and he was not delivered to the Department of Corrections until his probation was revoked following a subsequent hearing. Movant's pro se motion was filed within the 90–day period after his delivery into the custody of the Department of Corrections, and the trial court did err in ruling otherwise. In fairness to the trial court, it should be stated that there was case law, antedating *Thomas*, which would have sustained the trial court's ruling of untimeliness.

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

The trial court did not base its denial solely on the issue of timeliness. The trial court appointed counsel, who filed a timely amended motion. The trial court considered both the pro se motion and the amended motion on their merits and denied them.

Movant's second point is that he was entitled to relief on one ground alleged in his pro se motion and re-alleged in the amended motion, and that the trial court erred in ruling otherwise. Movant asserts that the state reneged on a plea agreement. Movant claims that the plea agreement was that movant "would be sentenced to two years."

Appellate review of the trial court's ruling on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j).

The trial court reviewed the transcript of the plea hearing and held, correctly, that it refuted movant's contention that the plea agreement contemplated a two-year sentence. The plea agreement reads as follows: "Defendant to plead guilty to the charge. If defendant is not placed on probation, he will receive no more than two years in the Department of Corrections (prison). State will not oppose probation if completion of sexual offender program at Fulton is a condition."

After the court read the plea agreement to movant, in the presence of his counsel at the plea hearing, the following colloquy took place between the court and movant:

THE COURT: First off, is that what you thought the agreement was?

MOVANT: Yes.

THE COURT: Perhaps I should put it this way. Is that what you think the agreement is?

MOVANT: Yes.

THE COURT: Now, as I understand this, you'll enter a plea of guilty, which you are attempting to do right now; is that correct?

MOVANT: Yes.

THE COURT: Next, if I decide not to place you on probation, you will receive no more than two years in prison; correct?

MOVANT: Yes.

THE COURT: And if I decide that you should be placed on probation in this case, the State will not oppose that position if a condition of that probation is that you complete the sexual offender program?

MOVANT: Yes.

THE COURT: All right, other than this, Mr. Hoover, are there any other promises that have been made to you?

MOVANT: No.

The state did not renege on its plea agreement. The finding of the trial court to that effect is not clearly erroneous and, indeed, is fully supported by the record.

The judgment is affirmed.

SHRUM, P.J., and PARRISH, J., concur.