**STATE of Missouri ex rel. Jeffrey FERGUSON, Relator,**

v.

**The Honorable William M. CORRIGAN, Judge, Circuit Court of St. Louis County, Respondent.**

No. 80073.

Supreme Court of Missouri,
En Banc.

Dec. 23, 1997.

Gregory Mermelstein, Columbia, for relator.

Robert P. McCulloch, Pros. Atty., Joan L. Moriarty, Asst. Pros. Atty., St. Louis County, Clayton, for respondent.

HOLSTEIN, Judge.

Jeffrey R. Ferguson sought post-conviction relief under Rule 29.15, following his conviction for first-degree murder and sentence of death before Honorable William M. Corrigan. Concurrently with filing his verified Rule 29.15 motion, Ferguson filed a motion to disqualify Judge Corrigan for cause from hearing the Rule 29.15 proceeding. The motion was denied as procedurally defective, and no ruling was made on the merits. Ferguson now seeks prohibition in this Court to prevent Judge Corrigan from enforcing his order. Because this Court has jurisdiction of the appeal, this Court also has jurisdiction to determine the propriety of the writ. *Mo. Const. art. V, sec. 3; Rule 84.22(b).* The writ is made absolute.

In Count VIII of his Rule 29.15 motion, Ferguson alleged that because of certain conduct during the murder trial, Judge Corrigan denied Ferguson rights to effective counsel and a fair trial before an impartial judge. Simultaneously with his amended Rule 29.15 motion, Ferguson filed his first motion to disqualify Judge Corrigan for cause in the Rule 29.15 proceeding. The motion to disqualify Judge Corrigan incorpo-

rated the allegations contained in Count VIII of the verified Rule 29.15 motion. The motion to disqualify further asserted that Judge Corrigan's conduct during the murder trial made him "unable to fairly and impartially judge movant's [post-conviction] claims." The motion to disqualify was not verified by an affidavit. Ferguson later supplemented his motion to disqualify Judge Corrigan but again failed to verify the motion. At the hearing, Judge Corrigan pointed out to Ferguson's counsel that the motion was not verified. Ferguson's counsel then offered to verify the motion, but Judge Corrigan denied him the opportunity because it was "out of time to do so."

■ Sections 508.090 to 508.140, RSMo,[1] provide a procedure for disqualifying a judge for cause. Among the listed "causes" for which a judge may be disqualified is that "the judge is ... prejudiced." *Sec. 508.090.1.* Section 508.120 contains time limits for filing an application for change of judge. However, sec. 508.120 applies time limits only to a "defendant" who is seeking to disqualify a judge. Ferguson is not the defendant in a Rule 29.15 proceeding. Thus, that time limit is not applicable.

■ Section 508.130 requires an application to remove a judge for cause to have "annex[ed] thereto an affidavit ... to the truth of the petition, and that affiant has just cause to believe that he cannot have a fair trial on account of the cause alleged." *Sec. 508.130.* But sec. 508.130 does not have any time limit as to when the motion to disqualify the judge must be filed and no time limit for annexing the affidavits. However, the movant must allege when he obtained the information and knowledge of the existence of the cause for disqualification. *Sec. 508.130.* The obvious purpose of this provision is to discourage surprise or undue delay in bringing disqualifying information to the judge's attention. Undue delay will permit the claim to be treated as waived. *Erhart v. Todd,* 325 S.W.2d 750, 754 (Mo.1959). Because the motion for disqualification was filed concurrently with the amended post-conviction motion,

no surprise or undue delay is apparent in this case.

■ Our procedural rules supersede an inconsistent statute unless the rule has been annulled or amended by later statutory enactment. *State ex rel. Peabody Coal Co. v. Powell,* 574 S.W.2d 423, 426 (Mo. banc 1978); *Mo. Const. art. V, sec. 5.* Through Rule 51.05, this Court has provided for the disqualification of a judge as a matter of right. Rule 51.05(b) limits the time for filing a motion for change of judge as a matter of right. But this Court has held that a post-conviction movant is not entitled to a change of judge as a matter of right. *Thomas v. State,* 808 S.W.2d 364, 367 (Mo. banc 1991). Furthermore, this Court amended Rule 51.05 after the *Thomas* decision to clarify that "no party shall be precluded from later requesting any change of judge for cause." *Rule 51.05(d); see also Thomas,* 808 S.W.2d at 367.

■ One other rule is relevant to disqualification of a judge for cause. Canon 3 D of the Code of Judicial Conduct found in Rule 2 provides, "A judge should recuse in any proceeding in which the judge's impartiality might reasonably be questioned," including where the judge "has a personal bias or prejudice concerning the proceeding." This canon has no requirement for timely filing of a written motion or the filing of an affidavit. It at least suggests that a judge is required to pass on the merits of a claim of bias and prejudice or other cause for recusal, whenever such claim is brought to the judge's attention, and that addressing such claims cannot be finessed by asserting a procedural defect in the motion.

Because Ferguson filed his motion to disqualify simultaneously with his Rule 29.15 motion and did not seek to add any new allegations at the hearing, neither the judge nor the state can claim any surprise or undue delay by Ferguson in raising the claim merely because the motion was not verified. Neither the statutes, the rules nor *Thomas* limit the time for filing a motion to disqualify a judge for cause. Thus, Judge Corrigan erred in finding the verification to be untimely.

1. All statutory references are to RSMo 1994 un-         less otherwise noted.

Ferguson also asks this Court to rule on the merits of his motion to disqualify and to prohibit Judge Corrigan from hearing the Rule 29.15 proceeding. The motion court specifically declined to rule on the merits of Ferguson's motion to disqualify. Prohibition is not intended as a substitute for correction of anticipated judicial errors. *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991). In addition, it is presumed that judges will not undertake to preside in a proceeding in which they cannot be impartial. *State v. Kinder*, 942 S.W.2d 313, 321 (Mo. banc 1996). In the exercise of sound discretion, the judge may yet, upon considering the merits, decide that the interests of justice require that he disqualify himself from the Rule 29.15 proceeding. It is he who must first make this determination based upon the facts within his knowledge. He "is in the best position to determine if recusal is necessary." *State v. Nunley*, 923 S.W.2d 911, 917 (Mo. banc 1996). If sufficient facts to require recusal are not known to the judge but are sworn to in an affidavit in support of a motion to disqualify the judge, another judge must be assigned to the case, at least for the purpose of deciding the motion to disqualify.

This Court will not interfere with the merits of a motion to disqualify a judge for cause before the motion court has made any ruling with respect to the merits. This is especially true where to do so would necessarily require us to also pass on the merits of a substantial portion of the allegations in the post-conviction relief motion prior to the motion court issuing the required findings of fact and conclusions of law. *See Rule 29.15(j)*.

The writ is made absolute requiring Judge Corrigan to permit Ferguson or his attorney to annex their affidavit in support of the facts contained in the motion for change of judge and to proceed in a manner consistent with that motion.

All concur.