

# Missouri Court of Appeals

### Southern District

#### In Division

JOHNNY LEE COOPER, )
)
    Appellant, ) No. SD37877
)
v. ) **Filed: September 19, 2023**
)
STATE OF MISSOURI, )
)
    Respondent. )

#### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

#### Honorable Thomas E. Mountjoy, Judge

### DISMISSED

Johnny Lee Cooper appeals the denial of his amended Rule 29.15 motion for post-conviction relief, following an evidentiary hearing.[1] In a single point, Cooper argues his trial counsel was ineffective in failing to request a mistrial after a venireperson made a comment that "was so inflammatory and prejudicial that it tainted the entire venire panel." Because Cooper's claim was not raised in a timely filed amended motion and the abandonment doctrine does not apply, the motion court was without authority to rule on the merits of Cooper's amended motion. Instead, the motion court should have ruled on the merits of Cooper's initial motion for post-conviction relief. Since the motion court did not adjudicate the claims raised in Cooper's

---

[1] All rule references are to Missouri Court Rules (2019).

initial motion for post-conviction relief, there is no final, appealable judgment for us to review. Cooper's appeal is dismissed.

**Background and Procedural History**

A jury found Cooper guilty of ten sex offenses involving two children, and in October 2019, the trial court sentenced him to life imprisonment on each count. Cooper filed a direct appeal challenging his convictions, and on January 26, 2021, this Court entered our mandate affirming Cooper's convictions.

On April 26, 2021, Cooper, through retained counsel ("retained counsel"), timely filed a motion for post-conviction relief ("the initial motion"). The initial motion did not include the claim Cooper raises in this appeal, but included three other claims, and was signed by retained counsel. Over two months later, retained counsel filed a motion to withdraw as counsel, which was granted on July 30, 2021. On that same day, the motion court appointed a public defender ("appointed counsel") to represent Cooper. On August 11, appointed counsel filed a motion requesting "an additional thirty (30) days, for a total of ninety (90) days from the date both the transcript is filed or mandate issued and the appointment or entry of the Public Defender herein, in which to file an amended motion." This motion was granted the following day. On October 28, appointed counsel filed Cooper's amended motion, which raised the claim asserted in this appeal but did not include the claims raised in the initial motion.

After an evidentiary hearing, the motion court denied Cooper's claims raised in the amended motion. This appeal followed.

**Discussion**

On appeal, Cooper claims trial counsel was ineffective in failing to request a mistrial after a venireperson made an "inflammatory" and "prejudicial" comment during *voir dire*. In response, the State argues Cooper's appeal must be dismissed because his claim, which was raised in his amended motion, was not timely filed. Before we can decide the merits of Cooper's

2

point, we must first determine whether Cooper's motions for post-conviction relief were timely filed. *See **Moore v. State***, 458 S.W.3d 822, 826-27 (Mo. banc 2015).

"The time limits for filing a post-conviction motion are mandatory." ***Stanley v. State***, 420 S.W.3d 532, 540 (Mo. banc 2014). "This Court is required to enforce the mandatory rules created by the Supreme Court of Missouri." ***Maguire v. State***, 536 S.W.3d 247, 248 (Mo. App. E.D. 2017). There is no question Cooper's initial motion, filed by retained counsel, was timely.[2] The more difficult question is whether Cooper's amended motion was timely. To decide that issue, we turn to Rule 29.15(g), which governs the time limits for filing an amended motion for post-conviction relief. Under this rule, in a case following a direct appeal, such as this one, the amended motion:

> *shall* be filed within 60 days of the earlier of the date both the mandate of the appellate court is issued and:
>
> (1) Counsel is appointed, or
>
> (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Rule 29.15(g) (emphasis added). An attorney enters an appearance by signing the attorney's name on any pleading, motion, or other filing, participating in any proceeding as counsel for any party, or by filing a written entry of appearance.[3] Rule 55.03(b).

Here, the mandate in Cooper's direct appeal was issued on January 26, 2021, and retained counsel, by signing his name to Cooper's initial motion, and filing it on April 26, 2021,

---

[2] Cooper had 90 days from January 26, the date the mandate was issued, to file his initial motion. Rule 29.15(b). Cooper timely filed this initial motion on the 90th day, April 26, 2021.

[3] "An attorney who appears in a case shall be considered as representing the parties for whom the attorney appears for all purposes in that case, except as otherwise provided in a written entry of limited appearance." Rule 55.03(b). We see no reason why this rule should not apply to post-conviction proceedings. In determining whether a rule of civil procedure applies in a post-conviction proceeding, we focus on whether the rule "enhances, conflicts with, or is of neutral consequence" to Rule 29.15. ***Thomas v. State***, 808 S.W.2d 364, 366 (Mo. banc 1991). If the rule either enhances or has a neutral effect on the purposes of Rule 29.15, it is applicable. ***Id.*** Because Rule 55.03(b) enhances Rule 29.15(g) by clarifying when an attorney is considered to have entered his or her appearance for a party, the rule applies. And, on at least one occasion, our Supreme Court has applied Rule 55.03 to post-conviction proceedings. *See **Glover v. State***, 225 S.W.3d 425, 428 (Mo. banc 2007) (holding post-conviction proceedings are subject to Rule 55.03's sanction subsection).

entered his appearance on behalf of Cooper on that day. Thus, Cooper had 60 days from April 26, 2021, or until June 25, 2021, to file an amended motion, or request an extension of time to file an amended motion.[4] Cooper did not file an amended motion within that time. Nor did he request an extension of time to file such a motion within that time. "Long-standing Missouri law requires that the motion court grant any request for extension of time for filing an amended motion under Rule 29.15 *within* the time the amended motion is initially due." ***Courtois v. State***, 667 S.W.3d 161, 163 (Mo. App. S.D. 2023) (emphasis added). "Our Supreme Court has made it clear that '[a] motion court has **no authority** to extend [the] time limit for filing an amended motion' beyond what the rules allow." ***Maguire***, 536 S.W.3d at 248 (quoting ***Stanley***, 420 S.W.3d at 541). Cooper's amended motion was not timely filed, and the motion court had no authority to allow the late filing in this case.[5]

Normally, the failure to file a timely amended motion or statement in lieu of an amended motion by post-conviction counsel creates a presumption of abandonment. ***Latham v. State***, 554 S.W.3d 397, 403 (Mo. banc 2018). But this presumption does not apply to *retained* counsel's failure to file a timely amended motion—only appointed counsel's failure to do so. ***Gittemeier v. State***, 527 S.W.3d 64, 71 (Mo. banc 2017). And, even if the doctrine could apply to retained counsel, the rationale for applying the doctrine would not be applicable to this case. This is because the abandonment doctrine was created to ensure that *appointed* counsel complied with the provisions of Rule 29.15 since the failure to file an amended motion is "as if counsel had not been appointed at all[.]" ***Gittemeier***, 527 S.W.3d at 69. Cooper has no such

---

[4] Cooper was represented by retained counsel until July 30. Since the public defender's office was not appointed until that same day, July 30, and the time for filing the amended motion was over a month before the public defender was appointed, Cooper cannot, and does not, claim he was abandoned by appointed counsel.

[5] Cooper asks us to apply the third-party interference doctrine to his case. The third-party interference doctrine is an exception to the timeliness requirement for the filing of the *initial* motion where the inmate prepared the motion and does all he reasonably can do to ensure that it is timely filed, and any tardiness results solely from the active interference of a third party beyond the inmate's control. ***Price v. State***, 422 S.W.3d 292, 301 (Mo. banc 2014). Cooper directs us to no case where this doctrine was extended to excuse the late filing of an amended motion.

4

complaint. This is not a case where the movant prepared the initial motion by himself. Rather, this is a case where the initial motion was prepared and filed by a licensed attorney, providing Cooper with the benefit of legal counsel from the very outset of his case to assist him in determining which claims should be raised in his initial motion. Cooper does not have a cognizable claim for abandonment, and his claims in his untimely amended motion are waived, and should not have been ruled on by the motion court.[6] *Gittemeier*, 527 S.W.3d at 71. Because the motion court failed to adjudicate the claims raised in Cooper's initial motion, there is no final judgment for us to review. *Maguire*, 536 S.W.3d at 250 (dismissing movant's appeal where the motion court ruled on claims in an untimely amended motion filed by retained counsel instead of claims raised in the initial motion because there was no final judgment). Cooper's appeal is dismissed.

### Conclusion

Cooper's amended Rule 29.15 motion was untimely filed, but, because the abandonment doctrine does not apply to this case, we need not remand for an abandonment inquiry. Instead, Cooper's appeal is dismissed because there is no final judgment for us to review.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

GINGER K. GOOCH, J. – CONCURS

---

[6] Only the claims raised in Cooper's initial motion should have been adjudicated on the merits. *Gittemeier*, 527 S.W.3d at 71. Because these claims have not been ruled on, not all claims in Cooper's case have been resolved. A final judgment is one that resolves all claims and issues in a case, and leaves nothing for future determination. *Bryan v. State*, 536 S.W.3d 808, 809 (Mo. App. S.D. 2018).