**Dwayne E. CAIN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55707.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 19, 1989.

Margaret Ellen Gangle–Casinger, St. Louis, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

SIMEONE, Senior Judge.

Movant-appellant, Dwayne E. Cain, appeals from an order of the circuit court of the City of St. Louis entered September 23, 1988 denying his post-conviction motion filed pursuant to Rule 24.035 after an evidentiary hearing. We affirm.

On May 29, 1984, movant pleaded guilty to a charge of robbery, first degree. He was represented by the public defender. On May 10, 1988, movant filed a *pro se* motion to vacate, and on July 27, 1988, after counsel was appointed, filed an amended motion. The motions alleged that movant was denied effective assistance of

counsel, that he pleaded guilty based on promises by and on advice of his counsel, because counsel stated he could receive a sentence in excess of ten years if the case were tried, and would serve only thirty-six months if he received ten years. The motions also alleged that counsel did not fully explain the consequences of the plea.

On September 9, 1988, an evidentiary hearing was held. At the hearing, movant did not testify, but his deposition, taken August 31, 1988, was used. In his deposition he denied that he answered questions at the plea hearing truthfully. The victim of the robbery testified as did the public defender. The victim testified he was available to testify at trial and would have been called as a witness. On September 23, the court, after making findings of fact and conclusions of law, denied the motion. The court found that movant's plea was not coerced, that he understood the proceedings and that counsel was not ineffective.

■ On this appeal movant contends that the court erred in (1) utilizing his testimony by deposition and in not affording movant the right to be present during the evidentiary hearing and (2) denying the motion claiming ineffectiveness of counsel because the denial was against the weight of the evidence.

As to his first point he relies on decisions guaranteeing the right of confrontation.

After examining the complete record in this case, we hold that, under the appropriate standards, the findings and conclusions of the trial court are not clearly erroneous. Rule 24.035(i).

First, while the constitution and case law deal with the right of confrontation in a criminal proceeding, *State v. Lindsay*, 709 S.W.2d 499, 503–504 (Mo.App.1986), a proceeding of this nature is not a criminal one, but is an independent civil proceeding and is governed by the law applicable to civil cases. *Johns v. State*, 741 S.W.2d 771, 778 (Mo.App.1987), *cert. den.,* — U.S. —, 108 S.Ct. 2044, 100 L.Ed.2d 628 (1988). The confrontation clause is not applicable. Second, Rule 24.035(h) specifically states that in any hearing ordered by the court the movant need not be present, but testimony of the movant may be by deposition.

The claims of ineffective counsel are to be evaluated in the light of well recognized principles of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856 (Mo. banc 1987); and *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979). Counsel's performance must be shown to fall below a standard of reasonable effectiveness.

■ The record of the guilty plea proceedings refutes any contention by movant that he lacked understanding of the proceedings, and the record refutes the contention that counsel was ineffective. The motion court found that, during the plea hearing, the plea court carefully examined appellant concerning his constitutional rights and his willingness to waive them and plead guilty. Movant admitted that counsel explained to him the meaning of the charge and admitted that he was satisfied with the legal advice and the investigation conducted. At the plea, movant admitted that no promises were made to him. Counsel did not coerce movant to plead. The motion court found the testimony of counsel and the victim credible and found movant's claims lacked credibility.

■ The order denying relief was not against the weight of the evidence since the order is not clearly erroneous and there is no firm belief that the order is wrong. *See Day v. State*, 770 S.W.2d 692 (Mo. banc 1989). Despite discrepancies between movant's deposition and the evidence at the motion hearing, credibility is for the court to determine. *Porter v. State*, 678 S.W.2d 2, 3 (Mo.App.1984).

The judgment is affirmed.

SIMON, C.J., and DOWD, J., concur.