STATE of Missouri, Respondent,

v.

Anthony FINERSON, Appellant,

Anthony FINERSON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 57492, 58870.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 17, 1992.

Kathleen Green, Henry B. Robertson, St. Louis, for appellant.

John Morris, III, Barbara Wood, Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Defendant, Anthony Finerson, appeals his convictions in the Circuit Court of the City of St. Louis on one count of robbery in the first degree, RSMo. § 569.020 (1986), and one count of armed criminal action, RSMo. § 571.015 (1986), for which he was sentenced as a prior and persistent offender to concurrent terms of fifteen years imprisonment. Defendant also appeals the denial of his Rule 29.15 motion. We affirm.

On July 25, 1988, Janice Pitts, was working alone at Rainbow Finishes, a St. Louis paint store. Defendant entered the store with another man at approximately 2 p.m. After asking Pitts a few questions, defendant approached her at the cash register to purchase a paint brush. As Pitts entered the sale in the register, defendant drew a revolver and demanded the contents of the register. Pitts gave him $300 from the register and, following his instructions, retrieved her purse and gave him the money in it. Defendant and his companion then fled the store.

The State used five of its six peremptory challenges to strike black veniremen from the jury panel. Defendant, who is black, moved to quash the panel, claiming the State used its peremptory challenges in a racially discriminatory manner. The trial court requested and heard the State's reasons for making the challenges and then denied defendant's motion.

During the trial, defendant presented no evidence in his defense. The jury found him guilty of first-degree robbery and armed criminal action.

On January 22, 1990, appellant filed a *pro se* Motion to Vacate or Correct Sentence and Judgment pursuant to Missouri Supreme Court Rule 29.15, in which he

alleged that trial counsel was ineffective for failing to obtain a fingerprint expert. Appointed counsel amended this motion on March 13, 1990, and restated the issue. The motion court granted defendant's request for an evidentiary hearing on his Rule 29.15 motion and ordered his testimony be taken by deposition in accordance with Rule 29.15(h).

Subsequently, defendant applied for a writ of habeas corpus ad testificandum requesting that he be permitted to attend his Rule 29.15 evidentiary hearing. The motion court denied this request. Defendant's deposition was taken on June 1, 1990, and filed with the motion court. Based upon the deposition, the motion court denied defendant's Rule 29.15 request for post-conviction relief.

## I. Batson Challenge

Defendant first argues the trial court erred in overruling his challenge, under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to the State's peremptory challenges of five black veniremen.

This case was tried prior to the decision of the United States Supreme Court in *Powers v. Ohio*, 499 U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). The import of *Powers* is that a citizen's privilege to serve upon a petit jury is unconstitutionally denied when the State, through its prosecutor, uses a peremptory strike for racially discriminatory purposes. Thus, when a prosecutor's peremptory strikes are challenged, attention must be directed not only to the ultimate racial composition of the selected jury as it may affect the fundamental rights of defendant, but also concern must focus upon the purpose and intent of the prosecutor lest it appear to the community as a whole that the jury may have been selected by unlawful means. 499 U.S. at ——, 111 S.Ct. at 1371, 113 L.Ed.2d at 426.

In *State v. Crump*, 747 S.W.2d 193, 195–96 (Mo.App.1988), this court held that a black defendant could not be heard to complain that he was denied equal protection when tried by a jury which was forty-two percent black. Because *Powers* authorizes a defendant to assert the rights of an individual juror who is stricken for racially discriminatory reasons, the continued validity of *Crump* is subject to question. In denying the defendant's motion to quash the jury panel, the trial judge expressed her opinion that, since five blacks remained on the jury, *Crump* was controlling. Nevertheless, with commendable caution, the trial judge required the assistant circuit attorney to put on the record the reasons underlying the peremptory strikes. Therefore, we have before us an adequate record for review.

On appeal, defendant charges that two of the five peremptory strikes of black veniremen were racially motivated. As to these, the associate circuit attorney gave this explanation:

> Robert Adams would fall in the same category as Roderick Elliott, both young black men, basically the youngest males left on the jury. And it is my experience that you generally—younger people are less state oriented than older people, that's really the only reasons I had with these two people.

Defendant charges this explanation was pretextual as a similarly situated white juror, James LeGrand, was not stricken from the panel. The record does not disclose the ages of any of these veniremen. The assistant circuit attorney stated that Elliott and Adams appeared to be the youngest males left on the jury and that "if I got nothing else to pick from I'm generally going to pick older jurors to keep on the jury than younger people." Although defendant's attorney expressed his opinion that Mr. LeGrand appeared to be the same age of the two stricken blacks, the trial judge implicitly accepted the State's explanation by overruling defendant's motion.

The stated reasons given by the assistant circuit attorney were racially neutral, thus imposing upon the defendant the "obligation to demonstrate that the State's explanations are merely pretextual." *State v. Antwine*, 743 S.W.2d 51, 64 (Mo. banc 1987), *cert.* denied, 486 U.S. 1017, 108

S.Ct. 1755, 100 L.Ed.2d 217 (1988). Defense counsel's expression of opinion was insufficient to carry his burden to establish that the stricken veniremen were not "the youngest males left on the jury" and that the assistant circuit attorney was guilty of deliberate falsification. Moreover, since the exercise of peremptory challenges requires a subjective evaluation by counsel based upon a multitude of legitimate considerations, such as demeanor, gender, ethnic background, employment, marital status, age, economic status, religion, and many other fundamental background facts, *Antwine*, 743 S.W.2d at 64, "one factor alone is rarely dispositive of a *Batson* challenge." *State v. Robinson*, 811 S.W.2d 460, 463 (Mo.App.1991). "Prosecutors may still use horse-sense and play hunches, so long as the factors they rely on are racially neutral." *State v. Kempker*, 824 S.W.2d 909, 911 (Mo. banc 1992). We have examined the record of the entire voir dire examination and the record pertaining to the State's explanations for its peremptory challenges. We find no support for defendant's contention that these challenges were based upon impermissible racial discrimination. Since the trial court's ruling was correct, the reason expressed for the ruling is immaterial. *State v. Bradley*, 811 S.W.2d 379, 383 (Mo. banc 1991); *State v. Haynes*, 482 S.W.2d 444, 448 (Mo.1972). Point denied.

## II.

### Jury Instruction

In his second point, defendant claims that the trial court plainly erred in giving Instruction # 4, MAI–CR3d 302.04, defining the burden of proof. Our Supreme Court has consistently rejected identical attacks upon this Instruction. *See, State v. Griffin*, 818 S.W.2d 278, 282 (Mo. banc 1991); *State v. Waller*, 816 S.W.2d 212, 218 (Mo. banc 1991). Point denied.

## III.

### Improper Argument

■ Defendant claims the trial court erred in failing to grant his motion for a mistrial after the prosecutor improperly referred to defendant's failure to testify in his closing argument.

During closing arguments the prosecutor stated as follows:

The other elements that we have to show is first that on July 5th of 1988, in the city of St. Louis, State of Missouri, the Defendant took an amount of currency from—that was in the possession of Jan Pitts, okay. *Now, without putting the Defendant's name in there, it's very clear from the evidence here, there's absolutely nothing to contradict it, that Jan Pitts was robbed on that day.* (Emphasis added)

Defendant then objected and requested a mistrial, which the trial court denied.

It is well-settled that a prosecutor may not refer to a defendant's failure to testify. *State v. Inscore*, 592 S.W.2d 809, 813 (Mo. banc 1980); RSMo. § 546.270, Rule 27.05. This rule proscribes only direct, certain references to defendant's failure to testify. *State v. Sidebottom*, 753 S.W.2d 915, 920 (Mo. banc) *cert.* denied, 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988).

It is equally well settled, however, that a prosecutor may comment on a defendant's failure to offer evidence. *Id.* It is clear in the case at bar that the prosecutor simply referred to defendant's failure to offer evidence contradicting the fact that the victim was robbed. The prosecutor did not directly refer to defendant's failure to testify. Defendant's third point is denied.

## IV.

### Rule 29.15 Motion

■ Finally, defendant contends his due process right to be present at all critical stages of the proceedings was violated by the trial court's denial of his application for a writ of habeas corpus ad testificandum. In the order granting defendant's request for an evidentiary hearing on his Rule 29.15 motion, the trial court specified that defendant's testimony was to be taken by deposition. This procedure is authorized pursuant to Rule 29.15(h) which expressly provides that the movant need not be

present at the hearing. Therefore, the trial court refused to issue a writ of habeas corpus ordering that the defendant be transported from the Department of Corrections to attend the hearing on the motion.

In *Cain v. State,* 780 S.W.2d 66, 67 (Mo. App.1989), we held a post-conviction remedy proceeding is an independent civil proceeding governed by the law applicable to civil cases. Accordingly, the Sixth Amendment right of confrontation which exists in a criminal proceeding has no application to a post-conviction remedy hearing. We are not persuaded by defendant's argument that *Cain,* which concerned Rule 24.035(h) and a conviction based upon a plea of guilty, is distinguishable; it is a distinction without a difference. Point denied.

Judgment affirmed.

SMITH, P.J., and SATZ, J., concur.