Anthony FINERSON, Appellant,

v.

Larry ROWLEY, et al., Respondents.

No. ED 82095.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 25, 2003.

Anthony Finerson, Bowling Green, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Andrew W. Hassell, Asst. Attorney General, Jefferson City, MO, for respondent.

Before PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR. and KATHIANNE KNAUP CRANE, JJ.

### MEMORANDUM

PER CURIAM.

Anthony Finerson (appellant), pro se, appeals the judgment denying his petition for declaratory judgment. On appeal, appellant contends the trial court erred in denying his petition for declaratory judgment by finding: (1) the holding in abeyance of appellant's conditional release term pursuant to Section 558.011.4 RSMo 1986 (all further references herein shall be to RSMo 1986 unless otherwise indicated) by Larry Rowley (respondent), Superintendent of Northeast Correctional Center, was not a violation of due process and equal protection in that the trial court's ruling was not supported by statutory law or court precedent and holding in abeyance the conditional release term on consecutive sentences pursuant to Section 558.026 and not on unequal length concurrent sentences is a violation of due process and equal protection; (2) respondent's policy allowing appellant's conditional release term pursuant to Section 558.011.4 to be served consecutively to his parole term pursuant to Section 217.690 RSMo 1994 was not a violation of appellant's due process and equal protection rights in that the trial court's ruling was not supported by statutory law and allowing appellant's conditional release term to be served consecutive to his parole term is a violation of due process and equal protection; and (3) Section 558.011.4 is not unconstitutional because it is vague and ambiguous as to how the conditional release term is to be served on consecutive and/or unequal length concurrent sentences in that the statute has caused respondent to misapply the law and apply its two interpretations of the statute in an arbitrary and discriminatory manner violating appellant's due process and equal protection rights.

The record indicates that between December 1987 to May 1989 appellant was sentenced to: (1) one year of imprisonment for forgery; (2) two concurrent terms of five years of imprisonment for stealing from a person; and (3) two years of imprisonment for stealing a motor vehicle to be served concurrently to the sentences for forgery and stealing from a person.

In addition, appellant was found guilty by a jury of one count of robbery in the first degree in violation of Section 569.020 and one count of armed criminal action in violation of Section 571.015. On October 10, 1989, he was sentenced as a prior and persistent offender to concurrent terms of fifteen years of imprisonment to be served consecutively to the prior concurrent terms of five years of imprisonment for stealing from a person. The sentence was

affirmed. *See State v. Finerson,* 826 S.W.2d 367 (Mo.App. E.D.1992).

In 1997, appellant was sentenced to seven years of imprisonment for robbery in the second degree to be served concurrently with the sentence for forgery.

Appellant initially filed this appeal in our Supreme Court. Our Supreme Court transferred the appeal to this court pursuant to Mo. Const. Art. V, sec. 11. Appellant filed a motion to transfer the appeal back to our Supreme Court, which was ordered taken with the case. Appellant's motion is denied.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. An extended opinion reciting detailed facts and restating principles of law would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).