

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

STATE OF MISSOURI,               )
                                 )
                Respondent,      )        **WD81860**
v.                               )
                                 )        **OPINION FILED:**
                                 )        **September 24, 2019**
QUINCY D. GILES,                 )
                                 )
                Appellant.       )

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable Jalilah Otto, Judge

**Before Division Four:**  Karen King Mitchell, Chief Judge,
Anthony Rex Gabbert, Judge, and W. Ann Hansbrough, Special Judge

Quincy Giles appeals, following a jury trial, his convictions of two counts of first-degree robbery, § 570.023,[1] and two counts of armed criminal action, § 571.015, for which he was sentenced, as a persistent offender, to concurrent terms of eighteen years' imprisonment on each count.  Giles raises two claims on appeal.  First, he argues that the trial court erred in failing to grant him allocution before pronouncing sentence.  Second, he argues that the trial court erred in finding no probable cause to believe that Giles received ineffective assistance from trial counsel,

---

[1] All statutory citations are to the Revised Statutes of Missouri, as updated through the 2016 Supplement.

following the trial court's inquiry under Rule 29.07(b)(4).[2]  Because there is merit to Giles's first point, we vacate his sentence and remand with directions that the trial court grant Giles his right to allocution and then resentence him.  In light of the disposition of Point I, we need not consider Point II.

## Background

Around 4:27 in the morning of June 14, 2017, the Cenex gas station at 71st Street and Troost in Jackson County was robbed by a man wearing a dark hoodie and dark pants and brandishing a handgun.  Approximately thirty minutes later, around 5:00 a.m., a 7-11 gas station on Blue Ridge Road—seven-to-eight miles from the Cenex station—was robbed by the same man wearing a dark hoodie and dark pants and brandishing a handgun.  Both robberies were captured on surveillance video, and both depicted the assailant carrying a blue bag and getting into the same vehicle to leave the scene.  The man was subsequently identified as Quincy Giles, who happened to reside between three-and-a-half and four miles from both of the gas stations.

The State charged Giles with two counts of first-degree robbery and two counts of armed criminal action.  Following trial, the jury found Giles guilty as charged.  For reasons that are unclear in the record, Giles did not file a motion for new trial.[3]  After hearing argument from both the State and Giles's counsel, the trial court pronounced sentence of eighteen years' imprisonment on each count, with all terms to run concurrently.  At no point did the trial court ask Giles if he had any legal cause to show why judgment should not be pronounced against him.

---

[2] All rule references are to the Missouri Supreme Court Rules (2018).

[3] At the sentencing hearing, the trial court noted that Giles's counsel had orally moved for an extension to file a motion for new trial, but none was filed.  Trial counsel noted, "With regard to a motion for a new trial, same sort of situation here.  The client had to make some decisions about what to move forward with, and decisions were made, and that is the reason there was no motion filed."

The trial court then questioned Giles regarding the assistance of counsel. Giles voiced several complaints. Trial counsel questioned Giles directly and elicited facts conflicting with some of Giles's complaints. The trial court stated:

> Okay. Fair enough. And just so we're clear, I mean, this is not the post-conviction hearing today. I just needed to make a determination whether or not there's probable cause that exists as to whether or not there was effective assistance of counsel, and it sounds to me like there are some factual discrepancies as to the number of visits, what happened in those visits, and the nature of those conversations are—were at that time.
>
> I will make a finding with regard to ineffective assistance of counsel. There may or there may not be, that will merit itself out in due time. You will have your position, Mr. Giles, with regard to that. You will have your position as well, [Trial Counsel].

In the written sentence and judgment, the trial court found "no probable cause to believe that Defendant has been ineffectively assisted by counsel." Nonetheless, the trial court determined that, "pursuant to Missouri Supreme Court Rule 29.07, **counsel is hereby ordered to file (1) a Notice of Appeal and (2) a Motion for Defendant to Proceed in Forma Pauperis within 5 days of the date of this judgment**." (Emphasis in original.) Giles appeals.

## Analysis

Giles raises two claims on appeal. In his first point, he argues that the trial court erred in failing to grant him allocution pursuant to § 546.570 and Rule 29.07(b)(1). In his second point, he argues that the trial court erred, following its Rule 29.07(b)(4) inquiry, in determining that there was no probable cause to believe Giles received ineffective assistance from counsel.

**A. The trial court erred in failing to grant allocution.**

"When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, and asked whether he has any legal cause to show why judgment should not be pronounced against him . . . ." § 546.570; *see also* Rule 29.07(b)(1) ("When the defendant appears

for judgment and sentence, he must be informed by the court of the verdict or finding and asked whether he has any legal cause to show why judgment and sentence should not be pronounced against him.").[4] Allocution is the questioning of the defendant regarding legal cause as to why judgment should not be pronounced. *State v. Pruitt*, 169 S.W.2d 399, 400 (Mo. 1943). "Allocution is granted so that the defendant has an opportunity to raise any infirmities in the sentencing procedure." *State v. Johnson*, 245 S.W.3d 288, 296 (Mo. App. W.D. 2008) (quoting *State v. Athanasiades*, 857 S.W.2d 337, 343 (Mo. App. E.D. 1993)). Generally, "where allocution was not accorded and judgment and sentence were pronounced . . . , the cause should be remanded . . . for allowance of allocution and repronouncement of judgment and sentence." *State v. Turpin*, 61 S.W.2d 945, 949 (Mo. banc 1933). The only exceptions to this rule are: (1) where the defendant has been heard on a motion for new trial; or (2) where the convictions involve solely misdemeanors. § 546.580.

Here, Giles's convictions are all for felonies, and he did not file a motion for new trial. Thus, neither of the exceptions to remand applies. The State concedes Giles's claim of error in his first point, and we agree. Point I is granted. Giles's sentences are vacated, and this matter is remanded for allocution and resentencing.[5]

---

[4] In his brief, Giles debates whether this claim should be deemed preserved in light of the fact that Giles did not raise it before filing his brief. We need not determine whether the claim is preserved or what steps would be required to do so, as it is clear that Giles is entitled to relief under any applicable standard of review, and the State concedes the same.

[5] In light of our disposition of Point I, we need not consider Giles's Point II, as he will be resentenced and therefore subject to a new Rule 29.07(b)(4) inquiry and determination by the trial court on remand. Giles argues that we should address his second point, as it is likely to arise again on remand. We disagree. Upon resentencing, Giles will be subject to a new Rule 29.07(b)(4) inquiry with different counsel. Issuing any kind of decision at this time would amount to an advisory opinion. "An opinion is advisory if there is no justiciable controversy, such as if . . . the decision is based on hypothetical facts." *State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 324 n.3 (Mo. banc 2016).

## Conclusion

Because the trial court failed to give Giles the opportunity for allocution on his felony convictions and he did not file a motion for new trial, his sentence is vacated and the case is remanded for allocution and resentencing.

_____
Karen King Mitchell, Chief Judge

Anthony Rex Gabbert, Judge, and W. Ann Hansbrough, Special Judge, concur.