**Bruce A. ROATH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 56783.**

Missouri Court of Appeals,
Western District.

Aug. 10, 1999.

Bruce A. Roath, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kenneth P. Ferguson, Asst. Atty. Gen., Jefferson City, for Respondent.

Before: EDWIN H. SMITH, P.J., and HANNA and SPINDEN, JJ.

EDWIN H. SMITH, Presiding Judge.

Bruce A. Roath appeals the judgment of the Circuit Court of Jackson County denying his *pro se* motion, which he denominated as "Independent Action in Equity to Set Aside or Reverse the Judgment as to Fraud and Collusion in Obtaining Judgment" and filed pursuant to Rule 74.06(d).[1] In his motion, he requested the court to set aside its judgment of his convictions for one count of murder in the second degree, § 565.021,[2] RSMo 1986, and one count of armed criminal action, § 571.015, RSMo 1986, alleging that extrinsic fraud had been committed upon the trial court by the prosecutor and his own trial counsel in convicting him in a judge-tried case.

The appellant raises four points on appeal. In all four points, he claims that the motion court erred in denying his motion because, in doing so, it failed to consider the merits of the motion, but decided it on the basis that he was not entitled to proceed under Rule 74.06(d), in that the rule provided for the relief he was requesting.

We affirm.

### Facts

On or about August 7, 1991, a police officer interviewed the appellant in regard to the shooting death of his wife, Carla Wallace, on August 5, 1991. He told the police officer that on August 5 he borrowed his girlfriend's vehicle, a gray Peugot, at around noon, which he returned to her sometime later that day. What type of vehicle the appellant was driving that day was significant in that witnesses to the crime described seeing a small gray vehicle at the scene similar to a 1983 Renault Alliance.

The appellant was indicted on August 30, 1991, and subsequently charged by information with one count of murder in the second degree, § 565.021, RSMo 1986, and one count of armed criminal action, § 571.015, RSMo 1986, for the death of his wife. The appellant waived his right to a jury trial and proceeded to a bench trial on April 20, 1992, in the Circuit Court of Jackson County, Missouri, before the Hon-

---

1. All rule references are to the Missouri Rules of Civil Procedure (1998), unless otherwise indicated.

2. All statutory references are to RSMo 1994, unless otherwise indicated.

orable Jon R. Gray. In a one-day trial, the trial court found the appellant guilty as charged. On June 19, 1992, the court sentenced him to concurrent terms of twenty-five years imprisonment for second degree murder and ten years for armed criminal action.

On August 3, 1992, the appellant filed a direct appeal to this court, challenging the sufficiency of the evidence to support his convictions. On January 29, 1993, he filed a Rule 29.15 motion for postconviction relief, alleging ineffective assistance of trial counsel, which the motion court denied. The appellant appealed from the denial of his Rule 29.15 motion, which was consolidated with his direct appeal. This court affirmed the appellant's convictions and the denial of his Rule 29.15 motion in *State v. Roath*, 890 S.W.2d 653 (Mo.App.1994).

On October 13, 1998, the appellant filed his *pro se* Rule 74.06(d) [3] motion. In the motion, he alleged that the prosecuting attorney, as well as his own trial attorney, committed extrinsic fraud upon the trial court by advising the court that he had admitted to being in possession of a silver 1983 Renault Alliance vehicle at the time of his wife's murder in that he had only admitted to being in possession of his girlfriend's gray Peugot.

On November 4, 1998, the motion court entered a "Memorandum Order and Judgment" dismissing the appellant's Rule 74.06(d) motion, finding that the rule applies only to civil judgments, not cases where the relief sought is postconviction relief, as sought by the appellant in his motion. As such, the court treated the appellant's motion as one for postconviction relief filed pursuant to Rule 29.15. However, because he had filed a previous Rule 29.15 motion, in violation of Rule 29.15(k),[4] the court dismissed his motion.

On November 16, 1998, the appellant filed his present motion. In his motion, he again alleged that the prosecuting attorney and his trial attorney committed extrinsic fraud upon the court by advising it that he had admitted to being in possession of a silver 1983 Renault Alliance at the time of his wife's murder in that he had only admitted to being in possession of his girlfriend's gray Peugot. On November 19, 1998, the motion court entered its order denying the appellant's motion. In doing so, the court found that the appellant had "had a full trial on the merits in the criminal case, consideration of any errors of law committed therein by way of direct appeal to the Missouri Court of Appeals and has filed numerous requests for relief from conviction denominated in various forms."

This appeal follows.

## I.

The appellant raises four points on appeal. In all four points, he claims that

---

3. **Rule 74.06(d)** provides:
   **(d) Power of Court to Entertain Independent Action – Certain Writs Abolished.** This Rule 74.06 does not limit the power of the court to entertain an independent action to relieve a party from a judgment or order or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these Rules or by an independent action.

4. **Missouri Rule of Criminal Procedure 29.15 (1998)**, in effect at the time the appellant's latest motion was filed, provides, in pertinent part:

   **(m) Schedule.** This Rule 29.15 shall apply to all proceedings wherein sentence is pronounced on or after January 1, 1996. If sentence is pronounced prior to January 1, 1996, postconviction relief shall continue to be governed by the provisions of Rule 29.15 in effect on the date the motion was filed or December 31, 1995, whichever is earlier. Here, the appellant filed the motion which is the subject of this appeal on November 16, 1998. As such, because his sentences were pronounced prior to January 1, 1996, and because December 31, 1995, is earlier than November 16, 1998, the Rule 29.15 that was in effect as of December 31, 1995, applies to this case.

the motion court erred in denying his motion because, in doing so, it failed to consider the merits of the motion, but decided it on the basis that he was not entitled to proceed under Rule 74.06(d), in that the rule provided for the relief he was requesting. Because all four points deal with the same issue, we address them together.

In his Rule 74.06(d) motion, the appellant sought to set aside the circuit court's judgment of his convictions for one count of murder in the second degree and one count of armed criminal action. In his motion, he alleged that extrinsic fraud had been committed upon the court by the prosecutor and his own trial counsel. Specifically, he alleged that the prosecuting attorney and his trial counsel committed extrinsic fraud upon the trial court by advising it that he had admitted to being in possession of a silver 1983 Renault Alliance at the time of his wife's murder in that he had only admitted to being in possession of his girlfriend's gray Peugot. This issue was significant in that several witnesses to the crime reported seeing a small gray vehicle at the scene similar to a 1983 Renault Reliance. The court denied the appellant's motion on the basis that he could not proceed under Rule 74.06(d) to set aside his convictions. We agree.

Rule 74.06(d) does allow a trial court to "entertain an independent action to relieve a party from a judgment or order or to set aside a judgment for fraud upon the court," but applies only to judgments or orders entered in civil actions. Rule 41.01. This rule cannot be used to attack a criminal judgment, as the appellant seeks to do here. Instead, he, like any criminal defendant attacking his judgment of conviction and sentence, is limited to relief pursuant to a direct appeal, Rule 29.15, or a writ of *habeas corpus.* As such, the motion court was correct in overruling the appellant's Rule 74.06(d) motion.

Even assuming that the appellant's motion could be treated as a Rule 29.15 motion, which he contends it is not, he still would not be entitled to the relief he seeks. This is so in that he had previously filed a Rule 29.15 motion which was denied, and the rule expressly prohibits successive motions. Rule 29.15(k).

Point denied.

### Conclusion

The motion court's denial of the appellant's *pro se* motion, denominated as "Independent Action in Equity to Set Aside or Reverse the Judgment as to Fraud and Collusion in Obtaining Judgment" and filed pursuant to Rule 74.06(d), is affirmed.

All concur.