**Michael S. VICORY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 25175.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 18, 2003.

Motion for Rehearing and Transfer to Supreme Court Denied Sept. 9, 2003.

See also 81 S.W.3d 725.

Michael S. Vicory, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Adriane Dixon Crouse, Asst. Attorney General, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER,
Chief Judge.

Michael S. Vicory ("Movant") appeals from the denial of his *pro se* Rule 74.06(b) [1] motion.[2] The trial court dismissed Movant's motion as a successive Rule 29.15 motion. On appeal, he argues that, because his Rule 74.06 motion neither attacked the judgment of his underlying criminal conviction, nor presented a request for relief that was cognizable under Rule 29.15, the trial court's dismissal was erroneous. We affirm.

Movant sought relief under Rule 74.06 on the "Basis of Mistake, Inadvertence, Surprise or Excusable Neglect and Fraud, Misrepresentation, or Other Misconduct." Movant alleges in his pleadings that "following the filing of his *pro se* post-conviction petition he became aware of a claim which, had appellate counsel raised on direct appeal in all probability the appeals court would have reversed his case." He further contends that prior to his motion counsel's filing of the amended petition for post-conviction relief, he advised counsel of the specifics of appellate counsel's ineffectiveness, "yet motion-counsel failed to raise the claim in the amended motion."

---

1. Rule 74.06(b) reads:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

2. All rule references are to Supreme Court Rules (2002), unless otherwise stated.

Movant then concludes that he was "abandoned" by his motion counsel when counsel failed to include those specifics in his ineffective assistance claim, and finds error in the trial court's denial without a hearing of his subsequent request for an "independent inquiry" into this alleged abandonment. Finally, he claims the denial of his motion for independent inquiry is either a mistake or inadvertence under Rule 74.06(b)(1). Movant's claims have no merit.

While Movant raises three points of error, each claim essentially makes the same allegation: that Movant's counsel failed to follow Rule 29.15(e). He adds the words "fraud," "misrepresentation," or "misconduct" but fails to allege any factual basis for any of those claims. The fact of the matter is that Movant was represented by counsel on appeal and in his initial Rule 29.15 motion. The direct appeal was affirmed in June 2000. Movant then filed a Rule 29.15 motion on January 12, 2001, which was subsequently denied in *Vicory v. State*, 81 S.W.3d 725 (Mo.App. S.D. 2002).

Movant claims that, based on an erroneous reading of *Roath v. State*, 998 S.W.2d 590 (Mo.App. W.D.1999), the motion court mistakenly concluded that his current claim is a successive Rule 29.15 motion. He attempts to distinguish *Roath* from his own case by stating that *Roath* was attempting to relitigate his criminal conviction, whereas Movant is attempting to claim error in his civil Rule 29.15 motion. Movant's reasoning is flawed. The bottom-line issue for Movant is that the trial court erred when it "failed to *sua sponte* instruct the jury" on the justification defense of defense of premises. From there, he progresses to allegations that trial counsel was ineffective for failing to recognize the trial court's omission, then that appellate counsel erred by failing to brief the point, and, finally, that motion counsel erred by omitting the issue from Movant's Rule 29.15 motion.

■ In essence, Movant is raising multiple claims of ineffective assistance of counsel. Rule 74.06(b), however, does not provide a cause of action for ineffective assistance of counsel or any other method of attacking a criminal judgment. *Roath*, 998 S.W.2d at 593. Consequently, Movant's motion fails to set forth any of the claims allowable under Rule 74.06.

■ Even Movant's claim that his post-conviction counsel "abandoned" him by failing to include one of Movant's grounds for his ineffective assistance claim is inadequate. The term "abandonment" is narrowly defined within the context of Rule 29.15, and refers to only two situations: (1) where Movant's post-conviction counsel has taken no action on his behalf so that it appears Movant has been deprived of a meaningful review of his post-conviction claims, *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991); or (2) where the record reflects that post-conviction counsel determined that there was a sound basis for amending the *pro se* motion, but failed to file the amended motion in a timely manner. *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991). In the present case, however, the record indicates that post-conviction counsel timely filed an amended motion, thereby refuting Movant's claim of abandonment. *State v. Givens*, 851 S.W.2d 754, 765 (Mo.App. E.D.1993).

■ Regardless, Movant's claim is premised on ineffective assistance of counsel, a claim that could only properly be brought under Rule 29.15. Movant has already brought, and the motion court has already denied, one claim on this basis. Thus, we find no error in the trial court's ruling that Movant's Rule 74.06(b) motion was simply an attempt to file successive

Rule 29.15 motions. The motion court's denial of Movant's "Motion to Set Aside Judgment on the Basis of Mistake, Inadvertence, Surprise or Excusable Neglect and Fraud, Misrepresentation or Other Misconduct" is affirmed.

PARRISH and SHRUM, JJ., concur.