**Ricky J. DAUGHERTY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 84707.**

Missouri Court of Appeals,
Eastern District.
Division Two.

Jan. 4, 2005.

Motion for Rehearing and Transfer to Supreme Court Denied March 3, 2005.

Application for Transfer Denied
April 26, 2005.

Ricky J. Daugherty, Jefferson City, pro se.

Lisa M. Kennedy, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Presiding Judge.

### Introduction

Ricky Jerome Daugherty ("Movant") appeals from the circuit court's denial of his motion requesting inquiry into alleged abandonment and extrinsic fraud by his post-conviction counsel. We affirm.

### Background

In 1989, a jury found Movant guilty of four counts of sodomy in violation of Section 566.060, R.S.Mo 1986. The trial court sentenced Movant to four consecutive terms of five years of imprisonment in the Missouri Department of Corrections. Following his conviction, Movant retained private counsel to represent him in his direct appeal and Rule 29.15 post-conviction proceedings.

After filing his direct appeal, Movant, through his retained attorney, timely filed a Rule 29.15 motion, alleging, among other things, ineffective assistance of Movant's trial counsel, improper contact between prosecution witnesses and members of the jury, perjury on behalf of prosecution witnesses, denial of due process, and denial of an opportunity to correct errors in Movant's pre-sentence investigation report. In February 1990, the motion court held an evidentiary hearing on the motion. Movant appeared at the hearing, along with his retained attorney. The State's attorney also appeared. The evidence at the hearing included testimony from Movant, his trial counsel, and his trial counsel's law student assistant. In March 1990, the motion court entered its findings of fact and

conclusions of law denying Movant's motion.

This Court affirmed Movant's conviction in *State v. Daugherty*, 823 S.W.2d 33 (Mo. App. E.D.1991). Movant did not appeal the denial of his Rule 29.15 motion.

In 2002, Movant filed the underlying "Motion Requesting Sua Sponte Inquiry into Abandonment and Fraud Committed upon this Court by Attorney Harold Wayne Fraser Concerning Motion to Vacate, Set Aside or Correct Judgment or Sentence." In the motion, Movant requests the motion court to reopen his post-conviction case because his retained attorney allegedly (1) defrauded the court, by, *inter alia*, substituting an incomplete copy of Movant's Rule 29.15 motion for the version Movant actually signed, and (2) abandoned Movant during post-conviction proceedings.

The motion court dismissed Movant's motion based on lack of jurisdiction, and Movant appealed. We reversed and remanded, holding that the motion court had jurisdiction to consider Movant's motion, but expressing no opinion as to the merits of the motion. *See Daugherty v. State*, 116 S.W.3d 616 (Mo.App. E.D.2003).

On remand, the motion court appointed counsel for Movant. In response, Movant filed a "Motion Requesting Appointment of Change of Counsel Due to Conflict of Interest by Attorney Steve Harris or in the Alternative to Proceed Pro Se without Counsel." Thereafter, Movant filed an amended motion, alleging "bad dealings with the entire [public defender's] office in Columbia" and requesting the "Columbia Office of the Public Defender" to pay for an attorney outside of that office to represent him. After reviewing the file and determining that "Movant is capable of representing himself, fully understands the issues presented by his motion, and has adequately briefed the issues raised there-in," the motion court permitted Movant's appointed attorney to withdraw and granted Movant's request to proceed *pro se*.

The motion court denied Movant's request to reopen his Rule 29.15 proceedings, finding that Movant was not abandoned by his post-conviction counsel. The motion court further denied Movant's request for relief from judgment, under Rule 74.06, because Movant's allegations failed to support a finding that the judgment denying his post-conviction relief was obtained by fraud. This appeal followed.

### Standard of Review

On review of the motion court's denial of post-conviction relief, the motion court's findings of fact and conclusions of law are presumptively correct. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). Our review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15; *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995). Findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Wilson*, 813 S.W.2d at 835.

A motion to set aside a judgment under Rule 74.06 is governed by the sound discretion of the trial court. *Gering v. Walcott*, 975 S.W.2d 496, 498 (Mo.App. W.D. 1998). We should affirm an order denying a motion to set aside a judgment "unless there is no substantial evidence to support it, it is against the weight of evidence, or it erroneously declares or applies the law." *State v. Goodrich*, 12 S.W.3d 770, 772 (Mo. App. W.D.2000). Furthermore, the judgment of the trial court which correctly denies a Rule 74.06 motion, even though for an incorrect reason, should be af-

firmed. *Orrock v. Crouse Realtors, Inc.*, 813 S.W.2d 929, 932 (Mo.App. E.D.1991).

### Discussion

#### A. Abandonment

■ Points I, III, and V all relate to Movant's claims that his retained post-conviction counsel abandoned him in connection with the litigation of his Rule 29.15 claim of ineffective assistance of trial counsel. The Western District has held that "a claim of abandonment of counsel only arises when the original motion was filed *pro se* and post-conviction counsel is appointed to review it as required by Rules 29.15(e) and 24.035(e)." *State v. Gilpin*, 954 S.W.2d 570, 579 (Mo.App. W.D.1997). We agree. Accordingly, we conclude that because Movant did not file his original Rule 29.15 motion *pro se* and is not challenging the activities of an appointed post-conviction counsel, Movant does not have a claim of abandonment under *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), or *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991).[1]

#### B. Rule 74.06 (Relief from Judgment or Order)

■ In Points II and IV, Movant claims that the motion court erred in denying his claims for relief under Rule 74.06 because his post-conviction counsel engaged in extrinsic fraud by: (1) substituting an incomplete version of his Rule 29.15 motion for the one he signed and notarized and (2) failing to subpoena three witnesses to testify at the Rule 29.15 evidentiary hearing.

■ We disagree with Movant that the motion court improperly denied his extrin-sic fraud claims. Rule 74.06 "does not provide a cause of action for ineffective assistance of counsel or any other method of attacking a criminal judgment." *Vicory v. State*, 117 S.W.3d 158, 160 (Mo.App. S.D.2003). Movant's allegations that his attorney filed an incomplete Rule 29.15 motion and failed to subpoena certain witnesses for the evidentiary hearing constitute allegations of ineffective assistance of counsel. *See Vicory*, 117 S.W.3d at 160 (claim that motion counsel erred by omitting an issue from the movant's rule 29.15 motion constituted a claim of ineffective assistance of counsel); *see also Butts v. State*, 85 S.W.3d 132 (Mo.App. S.D.2002) (claim that post-conviction counsel failed to call witnesses at a post-conviction hearing amounted to a claim of ineffective assistance of counsel). Accordingly, we deny Points II and IV.

### Conclusion

Because we hold that Movant does not have a claim for abandonment or extrinsic fraud, we affirm the judgment of the motion court.

KATHIANNE KNAUP CRANE and ROBERT G. DOWD, JR., JJ., Concur.

---

1. Even if we were to consider Movant's claim of abandonment, we would conclude that his complaints constitute perceived ineffectiveness of post-conviction counsel and are therefore unreviewable. *See Barnett v. State*, 103 S.W.3d 765, 773–74 (Mo. banc 2003); *State v.* *Owsley*, 959 S.W.2d 789, 799 (Mo. banc 1997). In addition, Movant's claim that the trial court erred in granting his request to proceed *pro se* is without merit. *See Bittick v. State*, 105 S.W.3d 498, 504 (Mo.App. W.D. 2003).