**STATE ex rel. Jeremiah W. (Jay) NIXON, Relator,**

v.

**The Honorable Jay DAUGHERTY, Respondent.**

No. SC 87440.

Supreme Court of Missouri, En Banc.

Feb. 28, 2006.

Rehearing Denied April 11, 2006.

Jeremiah W. (Jay) Nixon, Atty. General, Deborah Daniels, Asst. Atty. General, Jefferson City, for relator.

John W. Simon, St. Louis, Mark A. Thornhill, Benjamin T. Clark, Kansas City, for respondent.

PER CURIAM.

Michael Taylor pleaded guilty to first degree murder and was sentenced to death. His conviction and sentence were affirmed. *State v. Taylor*, 929 S.W.2d 209 (Mo. banc 1996). His request for post-conviction relief was denied, and the denial also was affirmed. *Id.* Taylor then sought relief without success in various state and federal courts. On January 3, 2006, this Court set Taylor's execution for February 1, 2006, and a warrant of execution issued accordingly.

■ Taylor filed a petition in the Jackson County circuit court, purportedly under Rule 74.06(d), seeking to vacate the circuit court judgment denying Taylor post-conviction relief. As noted in *Roath v. State*, 998 S.W.2d 590, 593 (Mo.App. 1999), Rule 74.06(d) does not allow a trial court to entertain an independent action to relieve a party from a judgment or order to set aside a judgment for fraud upon the courts, but applies only to judgments or orders entered in civil actions. The judgment attacked in this action was entered pursuant to Rule 24.035, a rule relating to criminal actions.

■ Although Rule 24.035 provides that the rule is governed by the rules of civil procedure insofar as applicable, all civil rules do not apply to such actions. To determine whether a rule applies in the context of post-conviction review, the essential inquiry is whether the rule enhances, conflicts with, or is of neutral consequence to the purposes of Rule 24.035. *Thomas v. State*, 808 S.W.2d 364, 366 (Mo. banc 1991). The purpose of Rule 24.035 is to adjudicate claims concerning the validity of the trial court's jurisdiction and the legality of the conviction or sentence of the defendant. The rule also has the purpose of avoiding delay in the processing of prisoners' claims and preventing the litigation of stale claims. To further that purpose, Rule 24.035 contains strictly enforced time constraints that, if not followed, procedurally bar consideration of a movant's claims. *Id.* Moreover, in limited circumstances, claims not raised in the Rule 24.035 motion may be raised in a habeas corpus action.

As illustrated by this case, allowing Rule 74.06(d) to apply to Rule 24.035 judgments frustrates the purposes of Rule 24.035. This Court originally affirmed Taylor's sentence in 1996. The motion in this case was not filed until 2005, after numerous actions were pursued in both state and federal courts. To allow a Rule 74.06(b) motion to apply to judgments under Rule 24.035 conflicts with the purposes of Rule 24.035 to provide a prompt method to correct error and to avoid stale claims.

■ In a death penalty case, a Rule 74.06(d) motion also frustrates the purpose of Rule 91.02(b), Rule 29.08(d), and this Court's order of June 16, 1988. All of these make clear that matters affecting a sentence of death, once it is affirmed on direct appeal and except for a motion under Rule 24.035 or Rule 29.15, are to be filed in this Court and not another state court.

A motion under Rule 74.06(d) is not permitted to attack a judgment entered under Rule 24.035. The Respondent

should have dismissed the action. The preliminary writ is made absolute.

All Concur.