# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-1176

———————

Alfred McMullan, Jr.,             *
                                             *    Appeal from the United States
          Appellant,            *    District Court for the
                                             *    Eastern District of Missouri.
      v.                                 *
                                             *
Don Roper,                       *
                                             *
          Appellee.             *

———————

Submitted: December 18, 2009
Filed: March 26, 2010

———————

Before LOKEN, Chief Judge, BENTON, Circuit Judge, VIKEN,[1] District Judge.

———————

VIKEN, District Judge.

Alfred McMullan, Jr., moved for habeas relief under 28 U.S.C. § 2254. The district court[2] denied relief. McMullan appeals. This court has jurisdiction under 28 U.S.C. §§ 1291 and 2254. We affirm.

———————

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Terry I. Adelman, United States Magistrate Judge for the Eastern District of Missouri.

# I.

A Missouri jury convicted McMullan of second degree murder. He was sentenced to a term of thirty years imprisonment. McMullan's conviction and sentence were affirmed on direct appeal by the Missouri Court of Appeals. See State v. McMullan, 104 S.W.3d 439 (Mo. App. E.D. 2003). The Missouri Court of Appeals issued its mandate on June 5, 2003, and McMullan did not seek discretionary review with the Missouri Supreme Court. On August 25, 2003, McMullan filed a *pro se* motion to vacate, set aside or correct the judgment or sentence. The post-conviction relief court dismissed that motion on January 21, 2005. The Missouri Court of Appeals affirmed the dismissal on December 27, 2005. McMullan v. State, 179 S.W.3d 905 (Mo. App. E.D. 2005).

On March 10, 2006, McMullan filed a motion for special order permitting a motion for rehearing or transfer out of time, which was denied by the Missouri Court of Appeals on March 17, 2006. On June 16, 2006, McMullan filed a *pro se* motion to reopen judgment under Missouri Supreme Court Rule 74.06 ("Rule 74.06 Petition"). On November 21, 2006, McMullan's post-conviction counsel filed a motion to reopen post-conviction procedures under Missouri Supreme Court Rule 29.15 ("Rule 29.15 Petition"). On April 8, 2008, the Missouri Circuit Court entered an order denying both motions, specifically finding that Rule 74.06 did not apply to criminal matters, citing State ex rel. Nixon v. Daugherty, 186 S.W.3d 253 (Mo. 2006). McMullan did not seek any further review or relief from his conviction in state court.

On December 15, 2006, McMullan filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] After briefing, the district court found the federal petition was not timely filed under 28 U.S.C. § 2244(d)(1). We granted a

---

[3]The district court accorded petitioner the benefit of the prison mailbox rule as the petition was actually filed with the court on December 21, 2006.

certificate of appealability on the issue of "whether the district court erred in concluding that McMullan's federal habeas petition was barred by the statute of limitations." This appeal followed.

## II.

We review *de novo* a district court's decision to dismiss a § 2254 habeas petition based on the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and codified in 28 U.S.C. § 2244(d)(1)(A). Streu v. Dormire, 557 F.3d 960, 961 (8th Cir. 2009) (citing Boston v. Weber, 525 F.3d 622, 624 (8th Cir. 2008)).

The question before this court is a simple and direct one: Does a Rule 74.06 Petition qualify as a properly filed application for state post-conviction or other collateral review so as to toll the statute of limitations under § 2244(d)(2)? The district court found that it did not, and we agree.

Under § 2244(d)(1)(A), a person in state custody has one year from the date the state court judgment becomes final to file an application for habeas corpus. Boston, 525 F.3d at 624.

[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). McMullan did not file a petition for writ of certiorari with the United States Supreme Court following the conclusion of his direct appeal. Therefore, his state court judgment became final on June 6, 2003, the day after the direct appeal mandate was issued by the Missouri Court of Appeals. Riddle v. Kemna, 523 F.3d 850, 856 (8th Cir. 2008). The district court determined the one-year statute of limitations under AEDPA commenced on June 5, 2003, and concluded on June 5, 2004, but because the ending date was a Saturday, the district court found that McMullan would have had until June 7, 2004, to file his federal habeas petition. See McMullan v. Roper, 2008 WL 3895938 at *3, footnote 2 (E.D. Mo.).[4] We reach the same conclusion.

The one-year statute of limitations is tolled in accordance with § 2244(d)(2) while a "properly filed application for State post-conviction or other collateral review . . . is pending." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The time between the conclusion of a direct appeal and the filing of a state court application for post-conviction relief does not toll the AEDPA statute of limitations. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006). Because McMullan did not file his state court post-conviction petition until August 24, 2003, 81 days of the AEDPA statute of limitations expired, leaving 284 days to file a federal habeas petition.

Once a state post-conviction petition was filed, AEDPA was tolled until the Missouri Court of Appeals issued its mandate denying McMullan's appeal. Williams, 299 F.3d at 983. Since McMullan's state post-conviction petition, under Missouri Supreme Court Rule 29.15, was filed on August 24, 2003, and the Missouri Court of Appeals did not issue its mandate denying his state habeas petition until January 19, 2006, that entire time is tolled under § 2244(d)(2). Id.

---

[4]The ending date under Riddle was a Sunday, making Monday, June 7, 2004, the end date for purposes of the one-year statute of limitations under AEDPA.

When McMullan filed his motion to reopen judgment with the Missouri Court of Appeals on June 16, 2006, he did so under Missouri Supreme Court Rule 74.06. Relief from a final judgment or order of the Missouri courts can be made under Missouri Supreme Court Rule 74.06(b), which, in pertinent part, states:

> (b) Excusable Neglect - Fraud - Irregular, Void, or Satisfied Judgment. On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud . . . misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

By the time McMullan filed his Rule 74.06 Petition, a total of 148 additional days of the AEDPA statute of limitations had already expired, leaving 136 days to timely file a federal habeas petition.

The Missouri Court of Appeals analyzed Rule 74.06 in light of Rule 29.15 in Roath v. State, 998 S.W.2d 590 (Mo. App. W.D. 1999). The Roath court specifically declared that Rule 74.06 "cannot be used to attack a criminal judgment, as the appellant seeks to do here. Instead, he, like any criminal defendant attacking his judgment of conviction and sentence, is limited to relief pursuant to a direct appeal, Rule 29.15, or a writ of *habeas corpus*." Id. at 592 (emphasis in original).

On February 28, 2006, several months before McMullan filed his Rule 74.06 Petition, the Supreme Court of Missouri held: "A motion under Rule 74.06(d) is not permitted to attack a judgment entered under Rule 24.035." State ex rel. Nixon v. Daugherty, 186 S.W.3d 253, 254 (Mo. 2006). Rule 29.15 is the corresponding mechanism for redress from convictions following trial. See State ex rel. Zinna v. Steele, No. SC 90000, 2010 WL 97996 (Mo. Jan. 12, 2010). "Rules 24.035 and 29.15

have a common purpose: to adjudicate claims concerning the validity of the trial court's jurisdiction and the legality of the conviction or sentence of the defendant." Thomas v. State, 808 S.W.2d 364, 366 (Mo. 1991). "Rules 24.035 and 29.15 have an additional purpose: to avoid 'delay in the processing of prisoners' claims and prevent the litigation of stale claims.' " Id. (quoting Day v. State, 770 S.W.2d 692, 695 (Mo. 1989) (*en banc*)).

To qualify as a "properly filed" application for state post-conviction relief, so as to toll the statute of limitations under § 2244(d)(2), the application must be "in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000). "A properly filed application is one that meets all of the state's procedural requirements." Beery v. Ault, 312 F.3d 948, 950-951 (8th Cir. 2002) (internal reference omitted).

McMullan's Rule 74.06 Petition specifically sought relief under Rule 74.06, though the petition referenced Rule 29.15.[5] The law in Missouri was clear before McMullan's petition was filed, Rule 74.06 cannot be used to attack his criminal conviction. Nixon, 186 S.W.3d at 254. Simply because the Missouri Court of Appeals did not reject McMullan's Rule 74.06 Petition until April 8, 2008, does not change the federal court's review of the Rule 74.06 Petition under AEDPA. McMullan was entitled to no relief under Rule 74.06. Nixon, 186 S.W.3d at 254; Roath, 998 S.W.2d at 592. Because the Rule 74.06 Petition was not a "properly filed" application for state post-conviction relief under Roath and Nixon, it did not toll the statute of limitations under § 2244(d)(2).

---

[5]Even if considered as a second Rule 29.15 application, this motion was invalid on its face as the Rule specifically required McMullan to file any amendment to the initial motion within 90 days of August 24, 2003. See Mo. Sup. Ct. R. 29.15(g) and Edgington v. State, 869 S.W.2d 266, 269 (Mo. App. 1994) (time limits for filing post-conviction motions are mandatory and the motion court does not have discretion to grant extensions beyond that provided for in the Rule).

When McMullan filed his Rule 29.15 Petition on November 21, 2006,[6] the final 136 days of the AEDPA statute of limitation had already expired.[7] Thus, when McMullan filed his federal habeas petition on December 16, 2006, the application was untimely under 28 U.S.C. § 2244(d)(1).

## III.

The judgment of the district court is affirmed.

_____

[6]This Rule 29.15 Petition was likewise rejected by the Missouri Court of Appeals on April 8, 2008, on the basis of Rule 29.15(g).

[7]The statute of limitations expired 136 days from June 16, 2006, which is October 30, 2006.