**Michael D. HURST, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 96636.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 8, 2011.

Michael D. Hurst, Bowling Green, MO, pro se.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

## PATRICIA L. COHEN, P.J.

### Introduction

Michael D. Hurst (Movant) appeals, *pro se*, from the judgment of the Circuit Court of St. Louis County denying his Rule 74.06(b)(4) motion to vacate the judgment denying his Rule 29.15 motion for post-conviction relief. We affirm.

### Background

In 1991, a jury convicted Movant of first-degree armed robbery and armed criminal action. The court sentenced Movant to concurrent terms of thirty years' imprisonment. Thereafter, Movant filed a *pro se* motion for post-conviction relief under Rule 29.15, alleging eleven grounds for relief. In "Ground Six," Movant alleged that the police unlawfully arrested Movant as a pretext for searching Movant's automobile. The court appointed Movant counsel, and counsel subsequently filed an amended motion.

The motion court held a hearing and, on January 2, 1992, issued findings of fact and conclusions of law denying Movant relief.

Movant appealed the judgment, and we affirmed in *State v. Hurst,* 845 S.W.2d 669 (Mo.App. E.D.1993). In 2008, Movant filed two *pro se* motions to reopen the 1992 judgment, alleging that post-conviction counsel had abandoned him. The motion court denied both motions. Movant appealed from the denial of the second motion, and we affirmed in *Hurst v. State,* 276 S.W.3d 905 (Mo.App. E.D.2009).

On December 22, 2010, Movant filed a *pro se* motion under Rule 76.04(b)(4), asking the circuit court to vacate as void the 1992 judgment on the grounds that the motion court failed to issue findings of fact and conclusions of law with respect to "Ground Six." The circuit court denied Movant's Rule 74.06(b)(4) motion. Movant appeals.

### Standard of Review

■ "Ordinarily, we review the circuit court's ruling on a motion to set aside a judgment under Rule 74.06 for an abuse of discretion." *Kerth v. Polestar Entm't,* 325 S.W.3d 373, 378 (Mo.App. E.D.2010). "However, whether a judgment should be vacated because it is void is a question of law that we review *de novo;* we give no deference to circuit court's decision." *Id.* We review the facts and inferences in the light most favorable to the judgment. *In re T.N.H.,* 70 S.W.3d 2, 4 (Mo.App. E.D. 2002).

### Discussion

■ In his sole point on appeal, Movant alleges that the circuit court erred by not vacating the 1992 judgment pursuant to Rule 74.06(b)(4). More specifically, Movant argues that the motion court either: (1) lacked subject matter jurisdiction; or (2) acted in a manner inconsistent with due process when it failed to issue findings of fact and conclusions of law on "Ground Six." The State counters that the circuit court properly denied Movant's Rule 74.06 motion because Rule 74.06(b)(4) does not apply to Rule 29.15.

Rule 74.06(b) provides, in pertinent part, that: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: ... (4) the judgment is void...." Rule 74.06(b). A judgment is void under this rule "only if the court that rendered it lacked jurisdiction of the parties or the subject matter or acted in a manner inconsistent with due process of law." *Franken v. Franken,* 191 S.W.3d 700, 702 (Mo.App. W.D.2006) (*quoting Baxi v. United Techs. Auto. Corp.,* 122 S.W.3d 92, 96 (Mo.App. E.D.2003) (internal quotation marks omitted)). "The concept of a 'void' judgment is narrowly restricted." *Baxi,* 122 S.W.3d at 96. "A judgment is not void simply because it is erroneous...." *Id.* at 97.

The State argues that *State ex rel. Nixon v. Daugherty,* 186 S.W.3d 253 (Mo. banc 2006), precludes Movant's use of Rule 74.06(b)(4) to attack the 1992 judgment. In *Daugherty,* the Court held that "[a] motion under Rule 74.06(d) is not permitted to attack a judgment entered under Rule 24.035." 186 S.W.3d at 254. Movant counters that he filed his motion under Rule 74.06(b)(4) and thus *Daugherty* is not dispositive.

■ We see no need to determine whether Rule 74.06(b)(4) is a proper vehicle for a challenge to a void judgment in a post-conviction review context because here the underlying allegations, even if meritorious, amount to trial error correctable through a direct appeal of the 1992 judgment. As we have long held, "Rule 74.06 is not intended as an alternative to a timely appeal." *Love v. Bd. of Police Comm'rs,* 943 S.W.2d 862, 863 (Mo.App. E.D.1997).

A motion court's failure to issue findings of fact and conclusions of law pursuant to Rule 29.15(j) is reviewable on appeal from a judgment entered under Rule 29.15. *See, e.g., Crews v. State,* 7 S.W.3d 563, 569 (Mo.App. E.D.1999).[1] Although Rule 29.15(j) requires a motion court to issue findings of fact and conclusions of law, a "court is not required to individually address every claim brought by the movant." *Howard v. State,* 302 S.W.3d 739, 743 (Mo.App. E.D.2010) (*quoting Edwards v. State,* 200 S.W.3d 500, 513 (Mo. banc 2006) (internal quotation marks omitted)). Importantly, "there is no precise formula to which findings and conclusions must conform, but they must be sufficient to permit 'meaningful' appellate review." *Weekley v. State,* 265 S.W.3d 319, 322 (Mo.App. S.D.2005). In addition, claims of error that are not cognizable in a post-conviction proceeding do not require specific findings. *See Id.* at 323.[2] The remedy, in appropriate circumstances, for a motion court's failure to issue findings of fact and conclusions of law sufficient to allow meaningful appellate review is a remand to the motion court for findings of fact and conclusions of law that comply with Rule 29.15(j). *See Id.* at 322.

Contrary to Movant's position here, a failure to comply with Rule 29.15(j) with respect to issuance of findings of fact and conclusions of law on each and every issue presented does not alone deprive the motion court of subject matter jurisdiction or the movant of due process of law. Rather, a lack of compliance may deprive an appellate court of the ability to determine the correctness of the motion court's action.

Accordingly, even if Rule 74.06(b)(4) is available in a post-conviction review context, it cannot be used to vacate a judgment on the grounds of a failure to comply with Rule 29.15(j) under the circumstances alleged here. Point denied.

### Conclusion

The judgment of the circuit court is affirmed.

ROBERT M. CLAYTON III, J., and GEORGE W. DRAPER III, Sp.J., concur.

---

1. Rule 29.15(j) provides, in pertinent part: "The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Rule 29.15(j).

2. We note that "Ground Six," which challenges the validity of Movant's arrest, is not a cognizable post-conviction claim. *See Schleicher v. State,* 483 S.W.2d 393, 394 (Mo. banc 1972)